## HOLDEN v. COX.

1. **Landlord's Lien on Crops**: LIABILITY OF PURCHASER. The statute (Code, § 2017) gives a landlord a lien for his rent upon the crops raised on the demised premises; and this lien is not divested by a sale of the crops by the tenant; but the landlord may follow the crops into the hands of the purchaser, and if he has consumed them, he will be liable to the landlord in damages. The cases of *Grant v. Whitwell*, 9 Iowa, 152, and *Nesbit v. Bartlett*, 14 Id., 485, distinguished.

| 60 | 449 |
| 94 | 434 |
| 60 | 449 |
| 95 | 223 |
| 60 | 449 |
| 98 | 721 |
| 99 | 49 |
| 101 | 169 |
| 60 | 449 |
| 111 | 320 |
| 60 | 449 |
| 118 | 339 |
| 60 | 449 |
| 124 | 545 |

*Appeal from Des Moines Circuit Court.*

### WEDNESDAY, MARCH 21.

ACTION to recover damages alleged to have been sustained by reason of the unlawful appropriation of certain corn upon which the plaintiff had a landlord's lien. The defendant concedes that he appropriated the corn, but denies that he is liable therefor, because he says that he purchased the same of the plaintiff's tenant, the owner of the corn, as he had a

right to do, and the plaintiff's lien, if any, thereby became divested. The defendant's purchase appears to have been made in December, 1878. The corn in question had been raised that year by one Ray, as tenant of the plaintiff. The amount purchased was five hundred bushels, and was part of a large quantity standing in cribs upon the leased premises, and upon all of which the plaintiff had a lien for rent to an amount greater than the value of the corn purchased by the defendant. The plaintiff demanded of the defendant that he should return the corn, but he refused to do so, stating that the corn had been consumed. The court rendered judgment for the value of the corn. The defendant appeals.

*J. T. Illick* and *Geo. Robertson*, for appellant.

*Hall & Huston*, for appellee.

ADAMS, J.—Section 2017 of the Code provides that the "landlord shall have a lien for his rent upon all crops grown upon the demised premises." This provision would, of course, be sufficient to enable the landlord to follow the crop into the hands of a person who was a mere trespasser, but the defendant contends that it is not sufficient to enable the landlord to follow the crop into the hands of a purchaser. His argument is, that the tenant must, in the nature of the case, be allowed to market his crop, and, if so, that he must be allowed to give a good title. In support of his proposition he cites *Grant v. Whitwell*, 9 Iowa, 152, and *Nesbit v. Bartlett*, 14 Iowa, 485.

It is not easy, we think, to lay down any general rule which shall clearly distinguish between and reconcile all the decisions which have been made upon the subject of the landlord's lien. In *Grant v. Whitwell*, it was held that, while a stock of goods kept merely for sale upon the demised premises is kept for *use* within the meaning of the statute, and so is subject to a lien in favor of the landlord, yet such lien does not follow the goods sold in the ordinary course of

trade. Such ruling seemed to be necessary to avoid the absurdity of supposing that the legislature intended that the landlord should be allowed to assert his lien upon goods thus sold. The doubt, if any, arises upon the construction given the word "used" as including the meaning *kept for sale.* But the decision has been too long acquiesced in to justify now any serious criticism. Besides, we think that no great practical difficulty has ever resulted directly from it. The difficulty, if any, has been to resist the application of the logic in cases of a somewhat different character. In *Nesbit v. Bartlett,* the question was as to whether a landlord's lien upon a tenant's cow follows the cow when sold, and it was held that it did not. The cow, it was thought, could not be presumed to be kept solely for use, but partly for sale, and being so kept it was thought that the case came under *Grant v. Whitwell.* The attempt is now to apply the doctrine to crops, and we are asked to hold that, as crops are kept for sale, they may be sold and the landlord's lien be divested by the sale. Yet, if we so hold, the statute will have but little practical operation. The landlords right would be reduced to the right to seize his tenant's crops in his hands, or to pursue them as against a trespasser; and we cannot think that that was the intention. The decision in *Grant v. Whitwell* was based upon the idea that the lien rested upon the stock as a mass. Where goods are sold in the ordinary course of trade, they are sold with the view to replenishment. The stock as a mass is preserved, and the lien-holder suffers no detriment. The same thing may be said, with some slight propriety, at least, of the mass of live stock with which the agriculturist stocks his farm. Sales may be made, but the proper conduct of a farm requires the continuity of the mass. With annual crops it is different. Each year's sales and consumption may properly enough exhaust the mass. WRIGHT, J., in *Nesbit v. Bartlett* quotes from the opinion in *Grant v. Whitwell* so much as expresses the idea that the lien is upon the stock in mass, and we are allowed to infer that this principle was deemed

applicable in *Nesbit v. Bartlett*, and sufficient to justify the decision. We can hardly think that the court intended to go so far as to hold that a landlord has no lien that is enforceable against a purchaser upon anything which a tenant keeps upon the premises for sale. Something is said to be sure about the flexibility that should be given the rule. But the idea, and the language used seem to be derived from *Grant v. Whitwell*, and we do not think that we should be justified in carrying the doctrine of flexibility much farther than the court did in that case. We certainly cannot give full scope to it, and hold that a landlord's lien is to be enforced only when it is wholly consistent with the tenant's convenience. Whether a court can take notice that there are different degrees of convenience, and whether it would be possible to lay down any reliable rule by which a distinction could be drawn between the different degrees of convenience, we need not determine. The sale in this case was of five hundred bushels of corn. Whether the mass from which the sale was made was large or small, the corn sold was a substantial part of the mass, and if the landlord's lien is not to be respected in this case, then a landlord has no lien upon his tenant's crops as against a purchaser.

We conclude, then, that the plaintiff had a lien as against the defendant, and it only remains to be determined whether he is entitled to maintain his action for damages. The evidence shows that when the corn was demanded by the plaintiff it had been consumed and could not be seized under the lien, nor the possession of it otherwise obtained. We think that whoever consumes or destroys personal property upon which another has a lien becomes liable to the lien-holder in damages.

                                        AFFIRMED.