David Evans v. M. J. Collins, Appellant.

**Landlord's Lien.** It is no defense to a suit in conversion, that one who bought oats did not know the seller was a tenant.

*Appeal from Cerro Gordo District Court.*—Hon. P. W. Burr, Judge.

Saturday, April 6, 1895.

Action at law to recover for the conversion by defendant of certain oats, upon which the plaintiff claimed a landlord's lien. The case was tried in the court without a jury, and judgment rendered for plaintiff. Defendant appeals.—*Affirmed.*

*Glass & McConlogue* for appellant.

*D. W. Telford* for appellee.

Deemer, J.—Plaintiff is a resident of the state of Illinois. He owns some land in Cerro Gordo county, which was rented through his agent, one Henry Telford, for the year 1892, to one Charles Quine, at the agreed rental of two hundred and ten dollars, payable ten dollars in cash, one hundred dollars October 1, 1892, and one hundred dollars January 1, 1893. Quine

took possession of the farm, and, among other things, raised about five hundred bushels of oats thereon. Most of the grain so raised was sold by Quine in the month of September, 1892, to the defendant, who is a grain dealer doing business in Mason City, Iowa. Some little time after the purchase of the grain, Quine absconded, leaving the deferred rent installment unpaid. Plaintiff sued out a landlord's writ of attachment against the property grown upon the premises, which was levied upon such of it as remained upon the land; and the sheriff also went to defendant, and demanded to know where the oats were that he had purchased of Quine, that he might levy upon them. Defendant answered that he had shipped them, and thereupon plaintiff commenced this action against the defendant to recover the value of the oats purchased by him, claiming that he had converted them to his own use. Defendant denies having purchased any oats of Quine, and specifically denies having purchased any property with knowledge of plaintiff's having a lien thereon. The court rendered judgment for plaintiff.

The action is one at law, and was so tried in the lower court, and the findings of the district judge have the force and effect of the verdict of a jury. The only question we have, then, is whether there is sufficient testimony to support plaintiff's case, when viewed in the most favorable light to him. The court was justified in finding from the testimony that Quine did lease the land from plaintiff, as claimed; that he raised more than five hundred bushels of oats thereon, which he sold to the defendant, who knew, at the time he purchased them, that they had been grown upon plaintiff's land; and that the defendant converted and appropriated the same to his own use. There was no testimony, however, that the defendant knew the rent was

unpaid, or that there was any lien upon the property. The court may also have found that neither plaintiff nor his agent had any notice or knowledge that the tenant was disposing of the property. Under such a state of facts, plaintiff's right to recover is clear. *Holden v. Cox*, 60 Iowa, 449; *Richardson v. Peterson*, 58 Iowa, 724. It is contended on behalf of appellant that he did not know the grain was raised upon plaintiff's land, that he did not know Quine was a tenant of any one, and that he is an innocent purchaser of the oats, for value. If it be conceded his contention is correct, yet it does not follow that he can escape liability. This exact question we have heretofore decided in the case of *Richardson v. Peterson, supra.*

II. It is also insisted that the plaintiff knew his tenant was disposing of the crops, and made no objection thereto, but relied upon the personal responsibility of the tenant for the rent. It is sufficient to say, in answer to this claim, that the court may well have found that neither plaintiff nor his agent had such knowledge, and that neither relied upon the responsibility of the tenant. We find no error in the record, and the judgment is *affirmed.*