F. J. BLAKE AND G. F. GUSTAFSON v. CHARLES COUNSELMAN & COMPANY, Appellants.

Landlord's Lien: WAIVER. A landlord may recover the value of corn raised on leased premises from one who buys it in ignorance of the fact that the seller is a tenant and that it was raised on the leased premises, though the landlord knew that the tenant had converted oats raised on the premises, made no effort concerning the oats, and knowing of their conversion, gave no directions as to, and made no inquiry about, the disposition of the corn.

*Appeal from Webster District Court.*—HON. N. B. HYATT, Judge.

FRIDAY, MAY 31, 1895.

The amount in controversy being less than one hundred dollars, the case is appealed by the defendant upon a certificate of the trial judge that it involves questions of law upon which the opinion of this court is desired. Judgment was rendered below in favor of the plaintiffs for seventy-two dollars and eighty cents and costs.—*Affirmed.*

*Botsford, Healy & Healy* and *Ranck & Wade* for appellants.

*R. M. Wright* and *Blake & Mitchell* for appellees.

Given, C. J.—I. The certificate of the trial judge is as follows: "It is desirable in the above-entitled cause that the following questions shall be passed upon by the supreme court of the state of Iowa upon the following undisputed facts as they appear on the trial: On or about the fifteenth day of March, 1891, the plaintiffs were the owners of a farm situated about two miles from the town of Callender, in Webster county, Iowa. Upon that date they rented to one Kollansrud, by a written lease, said premises for the term ending March 1, 1892, with the rent reserved of two hundred and forty dollars, evidenced by a promissory note, which became due January 1, 1892. During the months of October, November, and December of 1891, and January, February, and March of 1892, Counselman & Co. were grain buyers located in the town of Callender, Iowa. During the months of November and December of 1891, and January and February of 1892, the tenant Kollansrud delivered to the defendants, at their warehouse in Callender, three hundred and one bushels of corn, about two hundred bushels of which were delivered between the fifth and fifteenth of February, 1892; the remaining one hundred and one bushels were thus delivered at various times during said months up to the fifteenth

day of February.  There was no contract between Kol-
lansrud, the tenant, and the defendants for any particu-
lar amount of corn, but each load was purchased and
delivered by itself, and mostly settled for as delivered.
Every bushel of corn thus delivered had been paid for
to Kollansrud, the tenant, on the fifteenth day of Febru-
ary, 1892.  The defendants, Counselman & Co., had no
actual knowledge or other notice except as the law
may imply that this corn was raised upon leased prem-
ises, or that Kollansrud was a tenant on plaintiff's
land, or that plaintiffs had any lien thereon.  On the
eighteenth day of February, 1892, the plaintiffs
demanded of the defendants a settlement for said corn.
It appeared by the evidence that plaintiffs visited the
farm in question in November, 1891, at the time when
tenant was at work in the field, husking corn.  The
plaintiffs at that time knew that the tenant had sold
and delivered almost the entire crop of oats raised by
him that season upon the place, and had appropriated
the proceeds.  They made no attempt to investigate or
to look up the oats, and gave no direction to the tenant
as to the disposition of the corn, and no inquiry as to
his proposed disposition of the same.  It appeared
from the evidence that about the eighteenth day of Feb-
ruary, 1892, the entire rent was unpaid, except about
the sum of twenty-five dollars.  The lease contained
the provision that plaintiffs should have a lien for rent
upon all property used, kept, or brought upon the leased
premises during the term, whether exempt from execu-
tion or not.  It also appeared from the evidence that
the tenant had three horses upon the premises, but that
the same were subject to a mortgage in favor of plaint-
iffs for one hundred dollars, which mortgage was fore-
closed on the twelfth day of March, 1893, and realized
after paying said costs, about thirty dollars.  Outside
of the crops grown upon the premises, this property
appeared to be the only available property subject to

said lien. Upon these facts the following questions are submitted: *First.* Did the landlord's lien of plaintiffs extend to these three hundred and one bushels of corn so as to make defendants liable to the plaintiffs for the value thereof? *Second.* Under these facts, can plaintiffs be held to have waived their lien upon these three hundred and one bushels of corn thus delivered to defendants?

II. Code, section 2017, provides that: "A landlord shall have a lien for his rent upon all crops grown upon the demised premises and upon any other personal property of the tenant which has been used on the premises during the term, and not exempt from execution, for the period of one year after a year's rent, or the rent of a shorter period claimed, falls due." It is entirely clear that plaintiffs had a lien upon this corn for the rent unpaid. In *Richardson v. Peterson,* 58 Iowa, 724 [13 N.W. Rep. 63], it was held that the sale, by a tenant, of horses used upon the demised premises, and upon which the landlord's lien attached, to a party who had no knowledge thereof, did not defeat the lien or release the property therefrom. In that case a rehearing was granted, and, after full discussion, the question was considered with unusual care, and the conclusion then announced has been recognized ever since by this court. The corn being upon the demised premises, the plaintiffs' lien did extend to all of it, including that sold to defendants, and, under the decision just mentioned, the defendants are liable to the plaintiffs for the value of the corn in question unless the plaintiffs waived their lien or are estopped by the facts from now asserting it. We do not think there is anything in the facts as certified showing a waiver of their lien by the plaintiffs, or that should estop them from now asserting it. There are no such facts upon which to find waiver or estoppel as in the case of *Wright v. E. M. Dickey Co.,* 83 Iowa,

465 [50 N. W. Rep. 206]. Counsel cite and discuss numerous decisions in other states upon statutes somewhat similar to ours, but, as we regard the two questions submitted as fully answered by the decisions of this court, we do not refer to these authorities. As further responsive to the questions certified, we refer to *Holden v. Cox*, 60 Iowa, 449 [15 N. W. Rep. 269]. Our conclusion is that the first question certified must be answered in the affirmative, and the second in the negative. It follows that the judgment of the district court must be *affirmed*.