FRANK FRORER V. HAMMER, DRAKE & WOOD, *et al.*,
Appellants.

**Landlord's Lien:** SALE BY TENANT. The lien of the landlord on
the crops of the tenant, given by the statute, is not destroyed
by a sale of the crops in open market, and in wagon load lots, to
one who has no knowledge or notice of the lien.

*Appeal from Pottawattamie District Court.*—HON. N.
W. MACY, Judge.

SATURDAY, OCTOBER 10, 1896.

ACTION to recover the value of certain corn, pur-
chased by the defendants from one Briggs, upon which
the plaintiff claimed a landlord's lien for rent. There
was a demurrer to the answer, which was sustained,
and from a judgment for the plaintiff the defendants
appeal.—*Affirmed.*

*Mayne & Hazelton* for appellants.

*Emmet Tinley* for appellee.

ROTHROCK, C. J.—It appears from the pleadings
that Briggs leased from the plaintiff certain farm
land for the year 1893, upon which he raised a crop of
corn. The defendants are dealers in grain, and dur-
ing the month of November, in that year, they pur-
chased of Briggs a large quantity of corn which was
raised on the leased premises. As between the plaint-
iff and Briggs, the plaintiff had a lien on the corn sold
for a balance due on the rent of the land. It is
claimed, however, that there was no lien as against
the defendants, who were the purchasers of the corn;
and the following is the defense to the action as it

appears in the answer: These defendants further show that the purchase of said corn was made in wagon load lots, and that no contract was made between said Briggs and these defendants, other than was made from time to time for the sale of each wagon load of corn, with one Harry Briggs, an employe of said G. W. Briggs, as it was brought by said Harry Briggs, and purchased by these defendants; that said corn was sold in wagon load lots of about twenty-six bushels per load, in the usual and ordinary course of business, and without knowledge or notice to these defendants that plaintiff, or any other person,* had, or claimed, any lien thereon. The demurrer raises the question whether these averments of the answer are a good defense to the action.

The thought of counsel for appellants, appears to be, that, as the corn was sold not in one contract, but by separate wagon loads, the lien was extinguished when the purchase was completed; and it is sought to liken the case to that of a merchant who sells separate articles from his stock of goods. These questions are no longer the subject of dispute in this state. It has been frequently held that in just such cases as this, the purchaser of the rent grain is liable to the lessor of the land. See *Richardson v. Peterson,* 58 Iowa, 724 (13 N. W. Rep. 63); *Holden v. Cox,* 60 Iowa, 449 (15 N. W. Rep. 269); *Evans v. Collins,* 94 Iowa, 432 (62 N. W. Rep. 810); *Blake v. Chas. Counselman & Co.,* 95 Iowa, 219 (63 N. W. Rep. 679). The last named case is in all of its essential facts like the case at bar. The judgment of the district court is AFFIRMED.