JOHN WOOD AND H. G. CURTIS, Appellants, v. A. M. DUVAL, Defendant, SAM HOFFMAN, JR., Intervener.

**Landlord's Lien:** MORTGAGE—PRIORITY: *Estoppel.* Landlords, who had a chattel mortgage on their tenant's property, wrote H., who had been asked to make a loan to the tenant, that they would release the mortgage, without mentioning a landlord's lien held by them. H. understood they intended to release the lien, and made the loan secured by mortgage, believing, because of the promise to release, his would be the first lien; and they sent the release, understanding that because of it, he would make the loan, and that his intention was to have first lien. *H ld,* that H.'s loan was prior to the landlord's lien.

**Assignment:** MORTGAGE PROCEEDS. Where mortgaged chattels are sold by the mortgagor at public sale, and by agreement between him and mortgagee, the notes taken at the sale are, at the time, put in the hands of the clerk of the sale for the mortgagee, ᵢᵤ amounts to an assignment of the notes to the latter.

*Appeal from Cass District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, JANUARY 27, 1897.

ACTION for the recovery of specific personal property. Judgment for intervener, and the plaintiffs appealed.—*Affirmed.*

*Curtis & Follett* for appellants.

*J. B. Rockafellow* for appellee.

GRANGER, J.—I.   The subject of the action is some promissory notes and money, the proceeds of a sale of personal property. In March, 1894, the plaintiffs leased to one Havens a farm for an agreed rental of five hundred and twenty dollars. Havens took onto the premises certain property, on which, by operation of law, the plaintiffs had a landlord's lien. In May,

thereafter, Havens executed to the intervener, Hoffman, a mortgage on the property to secure him for a loan of three hundred dollars. In January, 1895, Havens sold the mortgaged property at public sale, and the notes and money were delivered to the defendant Duval, who was a clerk at the sale. This action is for their possession, and the contention is between the plaintiffs, because of their landlord's lien, and the intervener, because of his mortgage lien. Some other facts, pertinent to the different claims, will be noticed hereafter.

II.   Besides the landlord's lien in favor of plaintiffs, they held a chattel mortgage on the property in question to secure some one hundred and eighty-four dollars and five cents, and, as Hoffman would not make a loan to Havens without a release of that mortgage, Havens saw plaintiffs, and they addressed to Hoffman the following:   "Atlantic, Iowa, May 19, 1894.   To Sam Hoffman, Jr.:   We will release our mortgage [chattel] against Z. D. Havens promptly upon receipt of the amount of same, to-wit: one hundred and seventy-four dollars and seventy cents and interest on the same to date, from April 4, 1894, and the sum of nine dollars,—making, in all, the sum of one hundred and eighty-four dollars and five cents.   Upon receipt of said sum, we will release immediately.   Date of mortgage, April 16, 1894.   Curtis & Wood, per Curtis."   After the receipt of this paper, Hoffman loaned to Havens three hundred dollars, taking his note, secured by a chattel mortgage on the property.   Of the amount loaned to Havens, Hoffman paid to plaintiffs a sufficient amount to satisfy their mortgage, and it was released in pursuance of the agreement.   After the public sale, Havens, in writing, assigned the notes and money to Hoffman. From the evidence the district court had found that the public sale took place in pursuance of an

understanding between Havens and Hoffman that Duval should be the clerk at the sale, and that the notes and money should be delivered to Duval for Hoffman, to the amount of his claim, and that they were so delivered.  There is also a claim by appellants that they also had an agreement that Duval should receive the notes and turn them over to them on their claim. As the judgment is for intervener, and it is a law case, we are to assume facts, having support in the evidence, that will sustain the judgment.  Of course, the delivery of the notes to Duval for Hoffman, in pursuance of the agreement, would not divest plaintiffs of their lien as landlords, for theirs was a prior lien, of which, we understand, Hoffman and all others must take notice.  *Richardson v. Petersen*, 58 Iowa, 724 (13 N. W. Rep. 63).  The intervener pleads the facts showing a waiver on their part of their landlord's lien, because of the written promise to release the mortgage.  The question of fact here is the doubtful one in the case.  After reading the record, one cannot easily escape the conviction that Hoffman made the loan believing, because of the promise to release by plaintiffs, that his would be the first lien.  It is true the writing promising to release, specifies the mortgage only.  That plaintiffs knew that Hoffman intended to make a loan because of the release there is no doubt.  The district court could have properly found, if not that plaintiffs intended to waive the other lien, that they had reason to believe that Hoffman so understood, and in that event they would be bound as if they had so intended.  Code, section 3652.  The writing, if acted upon by Hoffman, made an agreement, so as to bring it within the meaning of the section.  It is by no means a forced conclusion from the record to say that plaintiffs made and sent to Hoffman the promise to release their mortgage, understanding that, because of it, he would make the loan,

and his intention was to have a first lien.  In view of
all the facts, including the value of the property mort-
gaged, the amount loaned, and the rental, such a
conclusion has support in the evidence.  If so, they
ought not now to be permitted to profit by having their
landlord's lien made better by the satisfaction of their
mortgage, and leave Hoffman to lose by the transac-
tion.    The amount realized from the sale of the
property in controversy· is two hundred and fifty-
five dollars and eighty-two cents, which, in any view
of the case, shows the value of the property could not
have been sufficient to be security for the rental and
the loan by Hoffman.

In the judgment entry is a finding that Hoffman
is the "absolute owner of the notes by assignment
by Z. D. Havens, the payee in the notes."   There is
in the record a written assignment, and it is uncertain
when it was made, and it is urged by appellants that
it was after the commencement of this suit, so as to
be of no force in the suit.  It does not appear that
the written assignment is the one relied on by
the court.  As we have said, the court could
have found that the notes were placed in
Duval's hands for Hoffman at the time of the sale.
If so, that, of itself, would amount to an assignment.
To assign, in conveyancing, is to make or set over to
another.  An assignment is the act by which one
person transfers to another.  Black, Law Dict.; Bur-
rill, Assignments, 1.  As applied to personal estate, the
term has a double meaning, including the *act* as well as
the *instrument* by which the transfer is effected.  Id.
2.  The record would clearly sustain a finding that,
as between Havens and Hoffman, the property was
transferred at the time of the sale.  There is a com-
plaint that the judgment is for too much.  There
may be a slight discrepancy, but, if any, it is so
small as not to justify a reversal.  The court only

gave judgment for intervener for the notes. The money was not included, and it remains in the hands of plaintiffs without any judgment specifying it. Under the judgment it does not go to intervener, and of that plaintiffs cannot well complain. There is no ground for a division of the costs because of that, or for any other reason. The judgment is AFFIRMED.