J. A. HOYER, Appellant, v. GRAHAM & SCHENCK and J. W. WINSTON, Appellees.

**Mortgages:** FORECLOSURE: SURPLUS PROCEEDS: JUNIOR LIENHOLDERS.
1 A mortgagor upon foreclosure and sale under the mortgage is entitled to any surplus remaining after payment of the mortgage debt if there are no other liens upon the property; but in case there are other liens upon the property they should be paid out of the surplus in their order. Where, however, there are several junior lienholders, who are made parties to the foreclosure proceeding, they ought to protect their interests by demand made in the foreclosure proceeding for a proper application of the surplus.

**Same:** APPLICATION OF SURPLUS: RECOVERY BY JUNIOR LIENHOLDER.
2 Where a junior lienholder has neglected to protect his right to the surplus remaining after foreclosure and sale under a prior mortgage, he can not maintain an action in tort for the amount of his lien against the officer or a junior lienholder to whom the surplus was paid, without showing the insolvency of the original debtor or inability to satisfy his claim out of other property or by redemption, or a showing of notice to or bad faith on the part of those making the application of the surplus, as an excuse for failure to assert his claim within a reasonable time.
Deemer, J., dissenting in part.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, JANUARY 12, 1911.

ACTION at law for damages for the alleged appropria-
tion of funds upon which the plaintiff had a lien. There
was a trial to the court without a jury. Judgment for the
defendants for costs. Plaintiff appeals.—*Affirmed.*

*Ainsworth & Hughes,* for appellant.

*Clements & Estey,* for appellees.

EVANS, J.—The evidence in the case is practically all.
included within the stipulation of facts entered into in
the lower court. On May 30, 1908, the plaintiff obtained
a judgment against one Holmes for $214. On October 6,
1908, the defendants Graham & Schenck obtained a judg-
ment against the same defendant for $283. Both judg-
ments were duly entered and appeared upon the judgment
records of Fayette County and became a lien upon certain
land owned by the debtor in said Fayette County. Such
land, however, was covered by a prior mortgage for more
than $5,000. Subsequently the holder of such mortgage
brought an action of foreclosure in the district court of
Fayette County and made plaintiff, Hoyer, and defendants
Graham & Schenck parties defendants thereto. Both of
these parties made default in such action, and decree of
foreclosure was entered in due form establishing the claim
of the plaintiff mortgagee as prior and superior to that
of all defendants. Such decree, however, made no other
finding as to the right of such subsequent lienholders nor
did it determine any question of priority between them,
nor did it adjudge them to be lienholders in fact. Special
execution having been issued under such decree, the mort-
gaged land was sold thereunder on March 10, 1909, to
Graham & Schenck as the highest bidder. Immediately
prior to such sale, Graham & Schenck had obtained general
execution on their judgment and placed the same in the
hands of the sheriff. The amount of their bid at the sale

was $5,941, whereas the amount called for by the special execution was $5,650 only. The amount bid being paid into the hands of the sheriff, he had a surplus remaining of $291 after satisfying the special execution. Upon this surplus he levied the general execution in his hands which had been issued under the Graham & Schenck judgment, and applied the same to the satisfaction of such execution, and made his return accordingly. The full amount of money thus made under both executions was paid by him to the clerk of the district court, who is made a party defendant herein. The clerk paid out the money in accord with the returns on the two executions, and entered satisfaction of each judgment. Graham & Schenck thereby received full payment of their judgment against Holmes. The plaintiff was not present at the sheriff's sale. Upon these facts alone, the plaintiff claims damages to the amount of his judgment against Graham & Schenck and against the clerk of the district court.

The plaintiff as appellant has departed somewhat in his argument from the record as disclosed by the abstract. That Hoyer as a prior lienholder had a superior right to the surplus over Graham & Schenck seems to us quite clear under the following provisions of the statute: Section 4291: "If there is an overplus remaining after satisfying the mortgage and costs, and if there is no other lien upon the property, such overpulus shall be paid to the mortgagor." Section 4293: "If there are any other liens on the property sold, or other payments secured by the same mortgage, they shall be paid off in their order. And if the money secured by any such lien is not yet due, a rebate of interest, to be fixed by the court or judge thereof, must be made by the holder, or his lien on such property will be postponed to those of a junior date, and if there are none such, the balance shall be paid to the mortgagor." It seems quite clear, also, that the plaintiff could have

*1. MORTGAGES: foreclosure: surplus proceeds: junior lienholders.*

availed himself of the provisions of these sections by demand or by motion filed in the foreclosure case and served upon his codefendant, Graham & Schenck, and upon the officer of the court of whose conduct he complains, and possibly upon the common debtor, the principal defendant. By such a proceeding exact justice could be done to all parties. If Graham & Schenck should thereby be required to pay back the money, a reviver of their judgment could also be entered, and a corresponding satisfaction of the judgment of the plaintiff. We suggest this only as an appropriate remedy, and not necessarily as an exclusive one. See *County of Polk v. Sypher,* 17 Iowa, 358.

We are satisfied, however, that the facts appearing in this record are not sufficient to sustain an award of damages in an action at law either against the clerk or against Graham & Schenck. The plaintiff still holds his judgment against the principal defendants. For aught that appears in this record, it is good and collectible out of other property. Neither the pleadings nor the stipulation of facts contain any suggestion of the insolvency of the judgment debtor. Nor is there any other showing of inability to make the judgment out of other property, or by safe redemption from the execution sale. Such a showing is essential in an action for damages, although the right of plaintiff to the surplus in the first instance was not dependent upon such fact. The plaintiff having elected to bring an action sounding in tort must both plead and prove that he was in fact damaged by the action complained of. It is to be noted, also, that the stipulation of facts does not challenge the good faith of any of the parties, nor does it show that any of them actually knew of the existence of the plaintiff's judgment. Appellant argues, however, that they were charged with constructive notice by the record of the judgment. That they would be so charged for some purposes is undoubtedly true. In *County of*

2. SAME: application of surplus: recovery by junior lienholder.

*Polk v. Sypher,* 17 Iowa, 358, it was held that the sheriff
was not bound in such a case to examine the records, and
that he was not liable in damages in such a case, if he
acted in good faith without actual knowledge.   We see
no reason why the same rule should not apply to the clerk
so far as liability for damages is concerned.

In the case at bar the sheriff is not made a party
defendant although the initial mistake, if any, was made
by him.   This omission of the sheriff as a party defendant
may be accounted for by the former holding of this court in
the *Sypher* case, *supra.*   The action of the clerk in paying
out the money was in strict accord with the sheriff's return
on the executions.   It is doubtful at least whether of his
own volition he could have safely ignored such returns and
assumed to dispose of the money in a different manner.
The sheriff's return on the general execution satisfied it
in full and left Graham & Schenck without further claims
against their judgment debtor.   In the absence of claim
or complaint by Hoyer, Graham & Schenck could not repu-
diate the satisfaction of their judgment by the sheriff's
return.   Plaintiff Hoyer's right to the surplus was one
which he could waive either expressly or impliedly.   Such
waiver did not necessarily imply loss or damage to him.
In view of the absence of bad faith on the part of defend-
ants, we think it was incumbent upon the plaintiff to make
known his claim within some reasonable time so that the
other parties could adapt themselves to such claim and
protect themselves against loss by reason thereof.   Other-
wise the plaintiff is in the position of having the exclusive
right to elect at any future time, whether he will continue
to hold an interest bearing judgment against his debtor or
whether he will claim the money in the hands of Graham
& Schenck as payment thereof, and Graham & Schenck are
in the position of being forever at the mercy of such elec-
tion without power on their own part to collect their can-
celed judgment from any other source even though one

were available. It does not appear from this record that the plaintiff ever made demand for such money, or indicated in any way his election to claim it at any time before the bringing of this action for damages, which was commenced six months later. It is urged in argument by appellant that the appellees "paid the amount of their judgment lien for the manifest and wilful purpose of ·juggling the statute until an inferior lien had preference over a superior one," "and that the surplus was confiscated wilfully and was deliberately appropriated by appellees with the full knowledge of a superior lien held by appellant." If this statement had support in the record, a very different question would be presented. We find in the record no apparent effort to prove knowledge, or wilfulness or bad faith of any kind on the part of the appellees. We do not intend to open the door to sharp.practice as between superior and inferior lienholders, but we can not infer fraud where there is no attempt to prove it.

The case was tried below to the court without a jury. No rulings pertaining to the trial are complained of. No errors are presented ·for our consideration except that the trial judge erred in his conclusions on the whole case. The effect of his holding was to find a failure of proof on the part of the plaintiff. We think such finding was justified by this record and the judgment below must be *affirmed*.

LADD and WEAVER, JJ., concur in result.

DEEMER, J. (dissenting).—I agree to the decision in so far as it releases the clerk; but can not consent to the finding as to the other defendants, who as junior lienholders took and appropriated a fund upon which plaintiff had a prior lien. That an action of conversion or for money had and received will lie in such a case I have no doubt. See, as supporting this view, *Garner v. Cutting,*

32 Iowa, 552; *Church v. Bloom;* 111 Iowa, 320; *Wallin v. Murphy Co.,* 117 Iowa, 640; *Holden v. Cox,* 60 Iowa, 449; *Blake v. Counselman & Co.,* 95 Iowa, 219, and many cases from other jurisdictions cited and referred to in the opinions cited.

Defendants obtained the property without right, and no demand was necessary. As plaintiff had an express lien upon both the property and the money and to the amount of its judgment was entitled to the money, he was not required to plead or prove insolvency of the original judgment debtor. Plaintiff was entitled to his security, and no one could deprive him of it, and then plead or insist that plaintiff should proceed against his original judgment debtor. If plaintiff would have been entitled to relief upon motion in a summary manner, he certainly is entitled to recover the same amount should he adopt a slower remedy by proceeding at law to recover the money to which defendants were not entitled as against the plaintiff. Even if plaintiff has pleaded more than was necessary and has called his action by the wrong name, he is nevertheless entitled to judgment, for he pleaded enough to entitle him to judgment for the amount of his judgment with interest. Code, section 3639. Defendants may, of course, have the satisfaction of their judgment canceled and annulled, and may then proceed against the common judgment debtor. Surely defendants should not by their own wrong be allowed to place themselves in the position of prior lienholders and force plaintiff, a superior lienholder, to proceed against the judgment debtor. If that judgment debtor is insolvent, defendant should be the loser and not the plaintiff.

I would reverse as to defendants Graham & Schenck.