# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

**GILA WATER CO. v. INTERNATIONAL FINANCE CORPORATION et al.**

**INTERNATIONAL FINANCE CORPORATION v. GILA WATER CO.**

(Circuit Court of Appeals, Ninth Circuit. June 1, 1926. Rehearing Denied July 12, 1926.)

No. 4823.

1. **Appeal and error** ⟳1009(1)—**Findings on testimony taken in open court will not be reversed, except for plain error.**

Findings of a court, based on testimony taken in open court, will not be reviewed by an appellate court, except for plain or obvious error.

2. **Landlord and tenant** ⟳254(2)—**Landlord does not waive statutory lien on crops by bringing suit in equity (Civ. Code Ariz. 1913, par. 3671).**

Under Civ. Code Ariz. 1913, par. 3671, giving a landlord a lien for rent on crops grown on the land, to continue for six months after expiration of the term, he is not required to take possession of the crop, through replevin or other legal proceeding, and does not waive his lien by bringing suit in equity to collect rent and foreclose lien.

Appeals from the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Suit in equity by the Gila Water Company against the International Finance Corporation and the First National Bank of Los Angeles. From the decree, complainant and defendant the International Finance Corporation separately appeal. Affirmed on defendants' appeal, and reversed on complainant's appeal.

C. F. Ainsworth, of Phœnix, Ariz., for complainant.

Bauer, Wright & MacDonald and Alexander MacDonald, all of Los Angeles, Cal., and

Chalmers, Stahl, Fennemore & Longan, of Phœnix, Ariz., for defendants.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a suit by a landlord against a tenant and the mortgagee of the tenant to foreclose a lien for rent. Upon the final hearing, the court below found that the plaintiff leased to the defendant International Finance Corporation 5,770 acres of farming land in Maricopa county, Ariz., for the cropping season of 1924; that the lessee entered into possession of the leased premises, and farmed and planted 5,400 acres thereof to cotton, harvesting and picking therefrom 743 bales; that the value of the cotton thus harvested exceeded the balance due for rent; that the cropping season for the year 1924 ended March 1, 1925; that by the terms of the lease the lessee agreed to pay to the lessor, as rental, $10 per acre for such portion of the 5,770 acres as might be farmed and planted to cotton; that $20,000 was to be paid at the commencement of the term, and the balance on October 25, 1924; that the $20,000 was paid as agreed, and that there was still due and owing the sum of $34,000, with interest; that subsequent to the commencement of this suit the defendant International Finance Corporation delivered to the defendant First National Bank of Los Angeles, at the compress in Phœnix, Ariz., the entire cotton crop harvested from the leased premises, and the same was sold by the bank for more than the balance due for rent; that paragraph 3671 of the Revised Statutes of Arizona of 1913 (Civ. Code) gives the landlord a lien on all crops growing or grown on the leased premises for the term of the lease and for six months thereafter, but provides no remedy for its enforcement; that the lien of

the plaintiff on the crops grown on the leased premises for the term of the lease and for six months thereafter was superior to the lien of chattel mortgages under which the bank claimed; that the plaintiff did not, at the commencement of the suit or at any time prior to the trial thereof, bring replevin or take actual possession of the cotton crop; and that the only action taken by it was the bringing of the present suit in equity to collect the rent and foreclose the lien.

From the foregoing facts, the court below found, as conclusions of law, that the plaintiff was entitled to a personal judgment against the Finance Corporation for the sum of $34,000, with interest and costs, and that by bringing this suit in equity to collect the rent and foreclose the lien, without having first replevied or taken possession of the crop at the commencement of the suit and before the trial thereof, the plaintiff waived and forfeited its crop lien. On these findings and conclusions a decree was entered, awarding to the plaintiff a personal judgment against International Finance Corporation in the sum of $34,000, with interest and costs, but denying a foreclosure of the lien and dismissing the mortgagee from the suit, with costs. The plaintiff has appealed from that portion of the decree denying the foreclosure of the lien and dismissing the mortgagee from the suit, and the defendant International Finance Corporation has appealed from that portion of the decree awarding a personal judgment against it.

[1] We will first consider the appeal by the tenant from the personal judgment against it. Considering their magnitude, the dealings between the landlord and the tenant were very loosely conducted, and as a result the testimony as to the terms of the lease now in controversy is meager and unsatisfactory. It seems that a considerable portion of the premises included in the present lease was let to a third party for a term of three years, for a portion of the crops, shortly before the present tenant entered into possession in the spring of 1923. That lease was surrendered, in order that the premises might be let to this appellant, and soon after its surrender a written lease was prepared and signed by the lessor, but it is conceded that this lease was never fully executed, and never became obligatory upon the parties. These two leases throw but little light upon the controverted question now before the court. During the preceding season of 1923 a crop of cotton was produced on 3,160 acres of the demised premises, and the landlord accepted rental for that year on a basis of $10 per acre for the land upon which a crop was actually produced, or $31,600 in all.

During the season of 1924, 5,400 acres were farmed and planted to cotton, but the tenant contends that no crop was produced, except on approximately 900 acres thereof. It further contends that the premises were let in 1924 on the same terms and conditions as in 1923, and that the settlement for the year 1923 on a basis of $10 per acre for the land upon which a crop was actually produced was tantamount to a construction of the contract or lease by the parties thereto, and that such construction should be accepted by the courts. No doubt the construction placed upon doubtful or ambiguous provisions of a contract by the parties will generally be given controlling effect by the courts, but it appears here that the settlement for the season of 1923 was based upon conditions peculiar to that year and did not involve the construction of the terms of the lease at all. Under such circumstances, the settlement had little or no tendency to prove the terms of the contract for 1924. The findings below were based upon testimony taken in open court, and such findings will not be reviewed by an appellate court, except for plain or obvious error. An examination of the record convinces us that there is no such error here.

[2] This brings us to a consideration of the appeal by the plaintiff below from that part of the decree holding that the lien of the landlord was waived by a failure on its part to take possession of the crop. The statute of Arizona provides that every landlord shall have a lien upon the crops grown or growing upon the leased premises for rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises or labor, and also for the faithful performance of the terms of the lease, and such lien shall continue for a period of six months after the expiration of the term for which the premises were leased, and, in all cases where the demised premises shall be let or lease assigned, the landlord shall have the same right to enforce his lien against the sublessee or assignee as he has against the tenant to whom the premises were leased.

We agree with the court below that the lien thus given is superior to any lien created by the tenant, but in our opinion the lien was not waived or lost by a mere failure to take possession of the crop, through legal proceedings or otherwise. In 16 R. C. L. 988, the rule is thus stated: "The statutory lien of a landlord for rent attaches at the beginning of the tenancy, * * * in the case of crops, from

the commencement of their growth, whether or not the rent is then due. Such lien does not depend upon a levy, and exists independently of the institution of any proceeding for its enforcement. The remedy by levy, distress, or attachment, when available, is simply to enforce a lien already existing." This rule is followed almost universally in states having similar statutory provisions. Kennard v. Harvey, 80 Ind. 37; Kelly v. Eyster, 102 Ala. 325, 14 So. 657; Holden v. Cox, 60 Iowa, 449, 15 N. W. 269; Evans v. Collins, 94 Iowa, 359, 62 N. W. 810; Blake v. Charles Councelman & Co., 95 Iowa, 219, 63 N. W. 679; Frorer v. Hammer, 99 Iowa, 48, 68 N. W. 564; Beck v. Minnesota & Western Grain Co., 131 Iowa, 62, 107 N. W. 1032, 7 L. R. A. (N. S.) 930; Murphy v. Myar, 95 Ark. 32, 128 S. W. 359, Ann. Cas. 1912A, 573; Snodgrass v. Carlson, 117 Kan. 80, 230 P. 83.

It is contended, however, that a different rule obtains in Arizona, and our attention is directed to the following decisions of the Supreme Court of that state: Scottsdale Ginning Co. v. Longan, 24 Ariz. 356, 209 P. 876; Southwest Cotton Co. v. Valley Bank (Ariz.) 227 P. 986; Salt River Valley Water Users' Ass'n v. Peoria Ginning Co. (Ariz.) 231 P. 415. In the first of these cases it was held that the landlord might recover possession of the crop subject to the lien in an action of replevin. In the second case it was held that the landlord waived his lien in favor of a bank, by consenting to the delivery by the tenant to the bank of warehouse receipts for the crop, as security for a loan made by the bank for the purpose of assisting in growing the crop. In the third case it was held that where a landlord, having the right of possession, permitted a junior lienor, also having the right of possession, to take possession and warehouse the crops in his own name, the landlord was estopped to assert the priority of his lien as against a bona fide purchaser for value of the warehouse receipts. We fail to see wherein these decisions conflict in any way with the general rule of law on the subject. Indeed, if the lien was waived by a mere failure to take possession of the crop by the landlord, it would seem to have been wholly unnecessary to base the decision in the last two cases on the ground of estoppel. There being no local rule on the subject, we feel constrained to follow what we believe to be the general rule prevailing in other states.

The decree of the court below is therefore affirmed on the appeal of the tenant, and reversed on the appeal of the landlord, with directions to enter a decree in favor of the plaintiff below as against both defendants. The plaintiff below will recover costs on both appeals.