Lyle ZIMMERMAN, Appellant,

v.

Eldon L. KILE d/b/a Kile's Feed & Grain; C.C. Bender; and S/M Farm Service Company, Appellees.

C.C. BENDER, Appellee,

v.

Donald SCHROEDER and Farmers & Merchants Savings Bank, Appellees.

No. 86–845.

Supreme Court of Iowa.

Aug. 19, 1987.

---

John T. Nolan of Rate, Nolan, Moen & Parsons, Iowa City, for appellant.

Anne G. Burnside, West Liberty, for appellees Eldon L. Kile and C.C. Bender.

Douglas V. Olson, Coralville, for appellee Eldon L. Kile.

Thomas J. Shields of Lane & Waterman, Davenport, for appellee S/M Farm Service Company.

David J. Meloy of Stanley, Lande, Coulter & Pearce, Muscatine, for appellees Donald Schroeder and Farmers & Merchants Sav. Bank.

CARTER, Justice.

Plaintiff, Lyle Zimmerman, appeals from the district court's determination following a nonjury trial that he was not the real party in interest for purposes of bringing an action for damages resulting from conversion of grain which was allegedly subject to a statutory landlord's lien under Iowa Code section 570.1 (1985). We conclude that the district court erred in that determination, reverse its order dismissing plaintiff's petition, and remand the case to that court for further proceedings in adjudicating plaintiff's claims.

This action was commenced by plaintiff against defendants Eldon L. Kile, C.C. Bender, and S/M Farm Service Company. Defendants asserted several defenses to the claim including (1) an alleged waiver by plaintiff of any lien under section 570.1, (2) an alleged right of setoff against plaintiff's claims for the value of chemicals sold on credit to the tenants and used in producing the grain alleged to have been converted, and (3) an assertion that plaintiff was not the real party in interest.

At the conclusion of plaintiff's evidence and again at the conclusion of all of the evidence, defendants moved to dismiss plaintiff's claims based on the real party in interest issue. Those motions were denied by the trial court at the time they were made. Upon completion of the evidence, however, the district court, in a written ruling which purports to contain findings of fact and conclusions of law, reversed its earlier rulings on the motion to dismiss, determined that plaintiff was not the real party in interest, and dismissed the petition on that ground. This appeal has been taken from that order.

The written lease in question, dated November 12, 1983, purports to be between plaintiff, as landlord, and Donald Schroeder and Jeffery Schroeder, as tenants. The lease involved 471 acres in Muscatine County. It covered the period from January 1, 1984, to December 31, 1984. The rental specified was a cash rent of $57,750 payable in two equal installments of $28,875. The record reflects that the Schroeders had the use and enjoyment of the leased premises during the period of the lease, raised crops thereon, and sold those crops to one or more of the defendants. The record further indicates that the defendant filed voluntary petitions in bankruptcy and did not pay the cash rent specified in the foregoing lease agreement.

The evidence presented at trial shows without dispute that the demised premises were owned during the period of the lease by plaintiff's daughter and son-in-law and a family corporation of which plaintiff was the president. By the time of trial, the marriage of plaintiff's daughter and her husband had been dissolved. She had succeeded to her former husband's interest in the farm.

Plaintiff argues the district court determined the real party in interest issue based on the belief that only persons with ownership interests in the demised premises can possess a statutory landlord's lien under Iowa Code section 570.1. That theory was the primary ground of defendants' motion to dismiss and the language of the ruling suggests that it was the theory adopted by the court. In deciding this issue, we have some difficulty in determining whether the court decided that plaintiff was not the real party in interest as a matter of law viewing the evidence most favorably to him, or, whether it based that decision on the particular view of the evidence arrived at as the finder of fact. A ruling as a matter of law is suggested by the fact that the court declared it was acting to sustain the defendant's motions to dismiss.

Regardless of whether the trial court's ruling is characterized as one of law or of fact, we do not believe it can be sustained on the record. Plaintiff testified as follows as to his interest as landlord:

Q. Okay. And at all times pertinent to the Schroeder farm lease, were you managing the landlord tenant interest or whatever interests there were in the ownership of that farm? A. Yes, sir.

. . . .

Q. Alright. And did you represent the entire ownership interest at that time? A. Yes.

. . . .

Q. And who is the landlord under the lease? [Objection to question as calling for opinion of law was sustained]

Q. Under plaintiff's exhibit 1 [the written lease agreement], who is listed as the landlord? A. I am.

. . . .

Q. Now, in that regard, let me ask you this. Who was the person who leased the Riverside Farm to Schroeder for the crop year 1984 under plaintiff's exhibit 1? A. C. Lyle Zimmerman.

Q. And in that regard was it you, C. Lyle Zimmerman, who met with the Schroeders and agreed that they would be able to farm the farm, the Riverside Farm, in 1984? A. Yes, sir.

Q. Well, let me ask you this. Did anyone else act for the owners of the property in the leasing of that property. A. No sir.

Q. Were you the only person? A. Yes, sir.

Q. And has your authority ever been questioned by any of the owners of the farm? A. No sir.

There is no indication in the record that the title holders to the property did not acquiesce in plaintiff leasing the property under their authority or bringing the present action to enforce the landlord's interest under the lease.

■■■ In *Beck v. Minnesota & Western Grain Co.*, 131 Iowa 62, 107 N.W. 1032 (1906), we observed the following with respect to the question in issue:

The landlord may not have any interest in the title to the demised premises, but whether he has or not cannot be questioned by the tenant before the expiration of his lease, and whilst in possession under it, unless based upon some distinct and independent claim to the land. . . . The rule by which the tenant is estopped from denying his landlord's title is also applicable against all persons entering into possession through or under the tenant. . . .

*Id.* at 64, 107 N.W. at 1033. By analogy, we conclude that persons entering into possession of personal property through the tenant under a facially valid lease may not defeat a statutory lien under section 570.1 by challenging the landlord's title.

Iowa Rule of Civil Procedure 2 provides:

Every action must be prosecuted in the name of the real party in interest. But an executor, administrator, guardian, trustee of an express trust; *or a party with whom or in whose name a contract is made for another's benefit,* or a party specially authorized by statute, may sue in his own name without joining the party for whose benefit the action is prosecuted.

(Emphasis added.) We find no evidence in the present record which would support a finding that the lease was not for plain-

tiff's own benefit, thus making him a direct party in interest. If, however, the lease was not for his personal benefit, the circumstances strongly suggest that the present action was brought to enforce a contract made in his name and which, implicitly, if not expressly, was for the benefit of the owners of the property.

█ Defendants seek to save the judgment of the district court by arguing that the corporation which owned an interest in the demised premises filed a financing statement evidencing a contractual landlord's lien on the Schroeders' crops. We find no inconsistency in the transaction referred to which would serve to defeat plaintiff's standing to enforce a statutory lien. The written lease agreement with the Schroeders expressly provides that the statutory landlord's lien shall be in addition to any contractual lien arising thereunder. Perhaps, as defendants suggest, it was inconsistent with plaintiff's litigating theory in the present action to designate the Zimmerman family corporation as the secured party in the financing statement. It is, however, an inconsistent fact of no legal significance given the express designations contained in the written lease.

The real party in interest rule is designed to protect an obligor from double recovery on the same claim. *Klooster v. North Iowa State Bank*, 404 N.W.2d 564, 567 (Iowa 1987); *Kimmel v. Iowa Realty Co.*, 339 N.W.2d 374, 379–80 (Iowa 1983). The rule should not be applied in a hypertechnical fashion so as to absolve an obligor from having to pay at all. If defendants are ultimately determined to be liable on the claim, they may resort to a bill of interpleader under Iowa Rule of Civil Procedure 35 in order to avoid the possibility of multiple liability.

Plaintiff's case was incorrectly dismissed on the ground that he was not the real party in interest. There are, of course, numerous other factual and legal issues which must be determined by the district court before the validity of his claim is finally resolved. We express no opinion as to its ultimate merit. The judgment of the district court is reversed and the case remanded to that court for further proceedings on the existing record.

REVERSED AND REMANDED.

All Justices concur except NEUMAN, J., who takes no part.