## DRAKE V. LOWRY.

1. USURY: PRIVITY. A plea of usury cannot be interposed by a party who is not privy to the contract in action.

2. SAME. When the defendant, who was president of a corporation, executed his individual note for an indebtedness of the corporation, which embraced usurious interest, for which he was paid the amount of said note by the corporation: *Held*, in an action on the note, that he could not avail himself of the plea of usury.

3. SAME: PENALTY. In rendering judgment upon a usurious contract for the loan of money, in favor of the School Fund, the court should compute interest at the rate of ten per cent, from the date at which the money was borrowed: following *Campbell* v. *McHarg*, 9 Iowa, 355; *Smith, Twogood & Co.* v. *Coopers & Clarke*, Id., 376.

*Appeal from Clinton District Court.*

MONDAY, OCTOBER 20.

THIS suit is upon a promissory note given by the defendant to Cook and Sargent, and by them indorsed to plaintiff. It appears that the defendant kept with said firm a banking account in his own name, and he agreed to pay on all overdrafts or sums borrowed twenty-four per cent interest.

At a settlement made September 4th, 1858, the balance due on this account was $1,132.55, of which sum $704.47 was usurious interest, leaving due at that time, exclusive of the usurious interest, the sum of $428.08. The defendant was the president of the Henry County Coal Company, and owned two-fifths of the stock thereof. The defendant, as president of said company, kept another banking account with said Cook and Sargent, in the name of said coal company. The defendant also agreed with said bankers that for all overdrafts on this account there should be paid the rate of twenty-four per cent interest. This account was settled at the same time the individual account was, and there was found to be due thereon the sum of $2,483.94, of which sum $1,590.69 was usurious interest, and $893.25 was principal.

When both accounts were thus settled there was a total balance, principal and interest, due, of $3,616.49, for which the defendant gave him two individual notes at four and five months, with twelve per cent added in, and payable in New York. These notes, not being paid at maturity, were renewed, twelve per cent being again added in. One of these notes was paid at maturity, the other was again renewed, and is the one now sued on.

The defendant was indebted to the coal company, and in his settlement with them was allowed all the usury included in his notes to Cook and Sargent.

The defendant interposed the plea of usury.

The court found that the note in suit was affected by the usurious contract made with the payees, but held that the defendant could not avail himself of this defense so far as it related to the usury in the contract with the coal company, prior to the 4th of September, 1858.

The court found that there was still due on the individual debt of defendant, the sum of $428.08, and the balance unpaid of the principal of the coal company debt, the sum of $434.18, in all $862.22, for which judgment was rendered for plaintiff. The court also rendered judgment in favor of the state, for the use of the school fund, for the sum of $553, this being ten per cent upon the amount borrowed by defendant, not from the date of the note, but from the time it was borrowed. Defendant appeals.

*Grant & Smith* for appellant.

*Cook & Drury* for appellee.

BALDWIN, C. J. — It is maintained that the defendant, Lowry, was the individual debtor of Cook and Sargent on the account kept with them in the name of the Henry County Coal Company; that the account was thus kept for his own convenience; and that, as the money was bor-

rowed for him, and as he was the party privy to the contract, he had the right to interpose the plea of usury, that if sustained the defendant had paid more than was justly due; and that the judgment of the court should be in his favor. Whether the defendant or the coal company was the actual debtor of Cook and Sargent, was purely a question of fact, for the court acting as a jury to determine.

The coal company was a corporation having full authority to contract, to sue, or to be sued. It acted through the defendant, as its president. The account on the bank book was kept against said company, in its corporate name. The check books of both defendant and coal company are before us, showing a separate account against each at the same time. The money was advanced to the company in its corporate name, and drawn out upon checks signed by the defendant, as its president. But the most satisfactory evidence on this point is that of the defendant, who testifies that he settled with the coal company; that in his settlement the company paid him all the interest which he allowed to Cook and Sargent, and for which he had given the notes, upon one of which he is now sued.

The defendant could not interpose this defense to a contract made between other parties, and to which he was not privy.

It is claimed that the court erred in the amount of the judgment it rendered in favor of the state; that the note was the contract sued upon, and the state could recover only from the date of the note.

Upon the authority of *Campbell* v. *McHarg*, 9 Iowa, 355; *Smith, Twogood & Co.* v. *Coopers & Clarke*, Id., 376, the court correctly found that the state could recover the ten per cent from the date at which the money was borrowed. A mere change in the character of indebtedness, as by changing the account to a note, did not relieve the contract of its usurious taint.                    Affirmed.