ELLIOTT BROTHERS v. GEORGE W. SUGG *et al.*

*Commission Merchant's Contract—Penalty—Usury.*

1. A contract between a commission merchant and a planter, whereby
   the former agrees to lend the latter a sum of money to draw eight
   per cent per annum, and the latter agrees to ship cotton in pay-
   ment, the cotton to be sold by the lender at a commission of two
   and one-half per cent., is not usurious, the purpose of the contract
   being to promote the business of the lenders as cotton factors and
   not to evade the statutes against usury.

2. A provision in such contract for the payment of a penalty for failure
   of the borrower to ship the cotton as agreed, will not be adjudged
   usurious upon the face of the contract but only upon proof *aliunde*
   of an intent to make the penalty a device for securing more than
   the legal rate of interest.

CIVIL ACTION to recover money due on a note and to fore-
close a mortgage, heard before *Brown, J.,* at Spring Term,
1894, upon exceptions to a referee's report.

The facts found by the referee were as follows:

" 1. That on the __ day of _____, 1885, the plaintiffs and
the defendant George W. Sugg entered into a contract for
the making of advances by the plaintiffs and the shipment
of cotton by the defendant Sugg. That the purpose and in-
tention of the plaintiffs in entering into said contract was
the promotion of their business as cotton factors and com-
mission merchants, and not to evade the usury laws of the
State, or obtain a larger rate for use of money advanced than
that fixed by law upon specific contract at eight per cent.

" 2. That pursuant to said contract, the plaintiffs, between
the 1st day of March, 1885, and the 12th day of April, 1886,
advanced to the defendant George W. Sugg an amount in
money and merchandise which, together with the amount
due at the date of the contract, aggregated the sum of $11,-
856.93. That the defendant shipped to the plaintiffs in dis-

charge thereof 275 bales of cotton, the proceeds of which amounted to the sum of $10,063.30. That the balance of interest on said transaction at eight per cent. amounted to $360.73, leaving a balance due plaintiffs April 12, 1886, of $2,154.36, for which amount the defendant George W. Sugg executed his note to the plaintiffs.

" 3. That on March 4, 1886, the plaintiffs and defendant G. W. Sugg entered into another contract, of similar import and for the same purpose as the one referred to in the next preceding paragraph. That pursuant thereto the plaintiffs advanced to the said defendant money and merchandise aggregating the sum of $6,671.25 up to February 7, 1887. The defendant Sugg, in discharge thereof, shipped to the plaintiffs 187 bales of cotton, the proceeds of which amounted to $6,943.58. That the interest on said amount advanced, together with the said note of $2,154.36 and interest thereon, amounted to the sum of $2,416.36, aggregates the sum of $9,087.61, and leaves a balance due the plaintiffs of the sum of $2,144.03, for which the said defendant executed to the plaintiffs his note on February 7, 1887.

" 4. That on March 28, 1887, and on the 30th day of June, 1887, the plaintiffs and the defendant George W. Sugg entered into contract of similar import and for the same purpose as that referred to in the next preceding paragraph. That pursuant thereto the plaintiffs advanced to the defendant G. W. Sugg, up to February 14, 1888, in money, an amount aggregating the sum of $4,508.86. The defendant George W. Sugg shipped to plaintiff in discharge thereof 124 bales of cotton, the proceeds of which amounted to $4,924.11. That the interest on said amount advanced, together with the said note of $2,144.03 and interest, amount to the sum of $2,357 61, aggregates in all the sum of $6,866.47, leaving due the plaintiffs the sum of $1,942.36, for which amount the defendant George W. Sugg executed his note to the plaintiffs on February 14, 1888, carrying interest at the rate of eight per cent.

"5. That on April 11, 1888, the defendant George W. Sugg and the plaintiffs entered into the contract filed with the evidence in this case, wherein the said defendant agreed to pay said note by shipment of cotton during said year, and that the plaintiffs agreed to indulge the payment of said note until January 1, 1889, in consideration of the shipment of said cotton and payment of a penalty of $1.50 per bale if the said defendant failed to ship said cotton in pursuance of said contract.

"5½. That by sundry payments made on said note the amount due thereon was reduced to $570.55, on July 31, 1889.

"6. That the defendant G. W. Sugg failed to ship to the plaintiffs during the year 1888 the amount of cotton agreed to be shipped by said contract.

"7. That on January 31, 1889, the defendant G. W. Sugg executed to the plaintiffs his note for the sum of $648.55, within said amount included a charge of $68, claimed by the plaintiffs to be due them on account of the failure of the defendant G. W. Sugg to ship sixty-eight bales of cotton at a forfeiture of $1.50 per bale, as provided in the contract of date April, 1888—the said amount was reduced to $1 per bale by consent of the plaintiffs.

"8. That this action was brought to recover payment of the said note, and the same was introduced in evidence upon the trial of the action; that the plaintiffs agree to waive claim for the said sum of $68, and requested the referee to enter said amount as a credit upon said note.

"9. That on the __ day of _____, 1889, the plaintiffs paid to John W. Gordon insurance on account of property mortgaged to said defendant Sugg, which mortgage was deposited with the plaintiffs as collateral security, the sum of $10, and on January, 1, 1890, paid the further sum of $10.

"10. That the said sum of $68 was charged by the plaintiffs, and agreed to be paid by the defendant Sugg, as a consid-

eration for the indulgence of the payment of the said sum of $570.55 for one year.

"11. That on June 1, 1891, the defendant G. W. Sugg paid on said note the sum of $155.58."

I find as conclusions of law—

"1. That the contract for the payment of the said sum of $68, in addition to eight per cent. interest for the indulgence of the payment of the said sum of $570.55 was usurious.

"2. That the defendant G. W. Sugg is indebted to the plaintiffs in the sum of $434.97, with interest thereon from November, 28, 1893, which amount shall be paid by the commissioner out of the proceeds of the sale of the lands of the defendant Owen Sylevant, to be made as directed by the judgment of this Court rendered at Spring Term, 1892."

The defendants filed various exceptions to the referee's findings of fact and conclusions of law, but his Honor rendered judgment as follows:

"This cause coming on to be heard at the above term of the Court, Brown, Judge presiding, upon exceptions filed by defendant G. W. Sugg to referee's report and judgment rendered, the Court adopts and affirms the several findings of fact made by the referee. The Court further finds that on February 14, 1888, the said Sugg executed to the plaintiffs his note for $1,942.36, secured by the Owen Sylevant mortgage and notes. That there was no charge for this sum exceeding eight per cent. for indulgence and forbearance, and there was no penalty or charges for failure to ship cotton included therein—said note was executed February 14, 1888, and was due and payable December 14, 1888.

"On April 11, 1888, the defendant Sugg entered into a separate contract with plaintiffs to ship cotton, and providing that for failure to ship, the said defendant should pay $1.50 per bale for every bale he failed to ship.

"That on January 31, 1889, said Sugg and plaintiffs had a settlement, and there was found to be due plaintiffs $648.55,

for which Sugg executed his note and the other note was cancelled. Sixty-eight dollars was included in the new note as penalties for failing to ship cotton. This is the only penalty for failure to ship cotton that has been charged to said Sugg in any of his transactions with plaintiffs.

"It is admitted that the referee has not allowed the $68, and has deducted it; also that referee has not allowed any interest on the said note of $648.55, and the said $68 and all credits have been taken from the principal thereof.

"The judgment and report of referee, upon motion of the plaintiffs, is affirmed.

"The plaintiffs are entitled to a decree and judgment against George W. Sugg for the amount due on the principal of said note, after deducting the credits from said principal, as reported by the referee. Said sum will bear interest from the rendition of judgment as reported.

"The plaintiffs are also entitled to a decree of foreclosure of the Owen Sylevant mortgage, in default of the payment of the said judgment within ninety days."

Defendant Sugg appealed to the Supreme Court.

The contract referred to recited the loan of money to be advanced to the defendant from time to time, in consideration of the payment of interest at eight per cent. per annum, and the agreement of the defendant to ship cotton to the plaintiffs in payment of the sum due, the plaintiffs to receive a commission of $2\frac{1}{2}$ per cent. upon the sale of the cotton. It also provided for the payment by defendant of a penalty of $1.50 per bale in case of default in the shipment of the cotton as agreed.

*Mr. George M. Lindsay,* for defendants.
No counsel, *contra.*

MACRAE, J.: There were numerous exceptions to the report of the referee heard before his Honor below, who adopted

and affirmed the several findings of fact, and found other and further facts as a foundation of the judgment rendered, but there were no exceptions to the findings of the Judge. The simple entry is, "Defendant Sugg appealed to the Supreme Court," and the record is sent up without any assignment of errors as made by his Honor. The plaintiff would be entitled to have the judgment affirmed. We may say that, upon the examination of the record and the exceptions before the referee, we find the principal contention to be that it was error to have found that the purpose and intention of the plaintiffs in entering into said contract was the prosecuting their business as cotton factors and commission merchants, and not to evade the usury laws of this State and obtain a larger rate for the use of money advanced than that fixed by law upon special contract at eight per cent. And the ground of plaintiffs' contention is that there was no testimony to support this finding. Upon examination of the evidence sent up, we think there is evidence tending to establish the truth of the finding of the purpose of the plaintiffs in making the contracts in the contracts themselves, which set forth the objects in view. And the evidence tends to establish the second proposition that there was no intent to evade the usury laws, in the fact that no usury was charged upon the advances made by plaintiffs to the defendant, unless it be that the provision in the written contract for the payment of a penalty for failure to ship the cotton which the defendant contracted to ship to plaintiffs had in itself the taint of usury. This point was incidentally before this Court in *Arrington* v. *Goodrich*, 95 N. C., 462, but was not necessary to be decided. Reference was there made to *Mathews* v. *Cole*, 70 N. Y., 239, where it is said that "Such an arrangement was not necessarily usurious to be so adjudged on the face of the contract, but the intent must be shown to secure a larger interest on the loan, and this a device resorted to to give it effect. In the

115—16

absence of any such evidence *aliunde,* the contract must be declared legal and valid."

And in *Cockle* v. *Flach,* 93 U. S., 344, the Court held that such provision is not so conclusive that the Court ought to have held, as matter of law, that it was usury.

Affirmed.