WILLIAM V. A. DODDS ET AL. V. MCCORMICK HARVESTING
MACHINE COMPANY.

FILED NOVEMBER 7, 1901.   No. 10,479.

1. **Petition on Promissory Note**: COPY: ALLEGATION INFERENTIAL SUF-
   FICIENT.   A petition declaring on a promissory note which is
   copied therein, and from the allegations of which it may be
   inferred that the sum alleged to be due was due from the ad-
   verse party to the plaintiff, states a cause of action, although
   it is not alleged in direct terms that the sum claimed is due
   from the adverse party to the plaintiff.

2. **Usury**: MISTAKEN COMPUTATION.   When in the computation of in-
   terest a mistake is made, and more than ten per cent. is charged,
   the contract will not for that reason be declared usurious.

3. ———: CONTRACT.   Before a contract may be declared usurious,
   there must be an agreement between the parties to charge and
   receive a greater rate of interest than that allowed by law.

4. **Withdrawal of Question from Jury Proper**.   Action of trial court
   in withdrawing from the jury the question of usury held proper.

5. **Instruction Erroneous Without Prejudice**.   An instruction, even
   though erroneous, is without prejudice and no ground of re-
   versal, where the party complaining could in no view of the
   case recover on the issue covered by such instruction.

6. **Recovery for Breach of Warranty**.   A recovery on an alleged
   breach of warranty, *held*, could not be had under the evidence
   in the case.

ERROR from the district court for Gage county.   Tried
below before LETTON, J.   *Affirmed.*

*Samuel Rinaker* and *R. S. Bibb*, for plaintiffs in error.

*Wilson & Brown* and *S. D. Killen, contra.*

HOLCOMB, J.

Verdict and judgment went against the defendant in
the trial court, and he brings the cause here by proceed-
ings in error.   The petition is assailed for the first time
in this court as failing to state a cause of action and being
insufficient to support the judgment rendered.   The cause

of action is founded on a promissory note which is copied in the petition. Its execution and delivery by the defendant to the plaintiff is alleged, and also that no part of the note has been paid, and that there was due thereon the sum for which the note was given with interest from the date thereof at the stipulated rate. Because it is not alleged that the sum claimed is due from the defendants to the plaintiff, the petition, it is argued, is fatally defective. In *Gage v. Roberts*, 12 Nebr., 276, it is held that a petition declaring on a note, as in the case at bar, must allege that there is due thereon from the adverse party to the plaintiff a specified sum, unless these facts may be inferred from others pleaded. The rule was reaffirmed in *Spellman v. Frank*, 18 Nebr., 110. Unless, then, the allegation which is wanting in the petition in the case at bar may be inferred from other facts pleaded, the petition must be held bad. It is not alleged in direct terms that the sum claimed is due from the defendants to the plaintiff. But the note itself is pleaded, in which, according to its terms, the defendants, as makers, promised unconditionally to pay the plaintiff, as payee, the sum claimed in the petition. It is also stated in the petition that the instrument was executed by the defendants in favor of the plaintiff; that it was delivered by the defendants to the plaintiff; that no part of the note had been paid and that there is due thereon the sum sued for.

It is altogether warrantable to infer from the pleading as thus drawn that the amount claimed to be due on the instrument was due from the makers, who are the defendants and the adverse parties to the action. The note having been, as alleged, executed in favor of and delivered to the plaintiff, the logical and reasonable inference is that whatever sum is alleged to be due thereon is due to the plaintiff, as payee, to whom it is alleged the instrument was delivered. There is no presumption that the note has passed out of the plaintiff's hands or that it has been transferred to some third party. On the other hand, when it is alleged that the note was executed and delivered to

the plaintiff, the presumption is it was the owner at the time of delivery, and has continued as such to the time of bringing the action.  If our views are correct in this regard, we think it follows as a necessary conclusion that the facts which it is contended are necessary to constitute a good petition and which are not alleged in direct terms, may properly be inferred from the other facts pleaded; and, under the general rule prevailing as to construing pleadings liberally when attacked as this one is, the petition will be held to state a cause of action.

In the answer the defendants pleaded that the contract on which plaintiff grounded its action was tainted with the vice of usury.  The trial court, by an instruction, withdrew the question from the jury and complaint is made because thereof.  The note sued on was a renewal of a prior note given for a machine purchased from the plaintiff.  At the time of the renewal of the first note, in the computation of interest a mistake appears to have been made of the sum of $1.44.  There is an utter lack of evidence to justify the conclusion that the parties intended to or did enter into a usurious contract.  The very essence of a contract usurious in character is the agreement to take or receive and to pay a greater rate of interest than that allowed by law.  Treating the renewed note as a contract for the loan or for the forbearance of money, and yet the evidence falls far short of proving an agreement between the parties to charge and receive a usurious rate of interest.  Such a mistake under the most rudimentary principles of justice, could not and should not be converted into an unlawful contract.  27 Am. & Eng. Ency. Law, 920, 970, and authorities therein cited; *Johnson v. Shattuck*, 53 S. W. Rep. [Ark.], 888; *Rushing v. Willingham*, 31 S. E. Rep. [Ga.], 154.  The trial court, in our judgment, properly withdrew the question of usury from the jury.

It is next contended that the court erred in its third instruction to the jury, in which, in speaking of the law in respect of an alleged warranty of the machine for which the note was given and a breach thereof, it was stated:

"You will next inquire whether or not there was a breach of said warranty and as to this question the court instructs you that your inquiry should be whether at the time the machine was purchased, and at the time when it was put to work at the work for which such machines are made, or within a reasonable time thereafter it failed to fulfill the conditions of the warranty, and the burden of proof of the warranty and the breach thereof is upon the defendant." The instruction it is contended is faulty, because, as stated by counsel, it told the jury that "under the law the defendant must find out in a reasonable length of time that the machine did not fulfill the warranty." Without deciding the question, we are of the opinion that conceding the instruction to be erroneous, as claimed, it is error without prejudice. It is alleged that the harvester, which was a second-hand machine, was verbally warranted "to be first class in every respect and to do the work for which the same was sold," and that it was worthless. The defendant testified that he used it for two seasons and that it gave reasonable satisfaction. The third season, it is testified, the grain was heavier and the machine failed to do satisfactory work in binding the bundles of wheat as it was being harvested. He also says the machine was worthless to him. It is, however, conclusively shown that if there existed in fact any breach of the alleged warranty it was only with respect to some of the machinery by which bundles were tied, and that in other respects no breach of the warranty is attempted to be shown. There is also no evidence upon which a jury could predicate a verdict as to the amount of damage, if any, in respect of the defective machinery spoken of. The defendant's testimony that the machine was worthless to him, in the face of the overwhelming evidence that it was substantially as warranted, save possibly the defective machinery for tying bundles, furnishes no guide by which a jury could estimate the damages sustained. The replacing of the defective machinery, if it were so, could have been had, in all probability, at a very small expense; and yet there is no evidence

to show what this item of expense would be, or what was the depreciation in the value of the machine by reason of such defect, if existing. In no view of the case could the jury have returned a verdict under the evidence on this issue in favor of the defendant, and hence no error could have been committed by the instruction complained of, *McCormick Harvesting Machine Co. v. Martin,* 32 Nebr., 723; *Osborne & Co. v. Huntington,* 33 N. W. Rep. [Minn.], 789; *Osborne & Co. v. Carpenter,* 34 N. W. Rep. [Minn.], 163.

We observe no prejudicial error in the record, and for the reasons stated the judgment of the trial court should be

AFFIRMED.