E. L. PARTCH, Receiver First Trust & Savings Bank of Sibley, Appellant, v. FRANK KROGMAN, SR., Intervener, Appellee.

W. J. MURRAY, State Superintendent of Banking, Plaintiff, v. FIRST TRUST & SAVINGS BANK OF SIBLEY, Defendant.

**BILLS AND NOTES:** Construction and Operation—Ambiguous Provision as to Interest. A certificate of deposit payable ''on the return of this certificate properly indorsed, twelve months after date with interest at 5 per cent or six months after date with interest at 5 per cent per annum,'' is payable on demand, (1) with interest at 5 per cent if presented in 12 months or later, (2) with interest at 5 per cent if presented in 6 months or later, and (3) with no interest if presented within 6 months.

**USURY:** Interest in Advance—Effect. A bank certificate of deposit which is payable on demand, and on which the interest is in part paid in advance, will not be declared usurious, in the absence of evidence tending to establish an express or an implied agreement for the payment of usurious interest.

**BANKS AND BANKING:** Deposits—Interest—Effect of Usury. The act of a depositor in accepting a certificate of deposit which is tainted with usury does not destroy his status as a depositor.

**BANKS AND BANKING:** Deposits—Depositor (?) or Creditor (?) A certificate of deposit does not necessarily carry a conclusive presumption that the holder is a mere *lender* of money to the bank.

Headnote 1: 7 C. J. pp. 651, 873 (Anno.) Headnote 2: 39 Cyc. p. 951. Headnote 3: 7 C. J. p. 863. Headnote 4: 7 C. J. p. 863.

Headnote 1: 27 R. C. L. 226. Headnote 4: 3 R. C. L. 694.

*Appeal from Osceola District Court.*—C. C. BRADLEY, Judge.

OCTOBER 26, 1926.

The First Trust & Savings Bank of Sibley, Iowa, was placed in the hands of Partch, as receiver. One Krogman sought to establish a certain written instrument as a certificate of deposit, and to be allowed the rights of a depositor thereunder in the distribution of the assets of said bank. The court granted the relief prayed, and the receiver appeals.—*Affirmed.*

*I. R. Meltzer,* for appellant.

*G. C. Murray,* for appellee.

FAVILLE, J.—The First Trust & Savings Bank of Sibley, Iowa, was duly organized as a savings bank under the laws of this state. It appears that, on or about October 1, 1920, the intervener deposited $5,555 in money in said bank, and received a written instrument similar in form to the one in suit. One year thereafter, the appellee returned said certificate, and withdrew a portion of said sum, and left in the bank the sum of $5,000. At said time, the bank delivered to the appellee a written instrument, known in the record as Exhibit 2, of which the following is a copy:

1. BILLS AND NOTES: construction and operation: ambiguous provision as to interest.

> 2050
>
> FIRST TRUST AND SAVINGS BANK        No. 1302
> 72-1998
>
> Sibley, Iowa    Oct. 1st 1921    $5,000.00
> Frank Krogman, Sr.    -    has deposited in this bank
> CERTIFICATE OF DEPOSIT
>
> Five Thousand Dollars  -   -   -   -   -   -   -   -
> Payable to the order of————————himself————————
> In current funds on the return of this certificate properly endorsed. Twelve months after date with interest at 5 per cent or six months after date with interest at 5 per cent per annum
>
> Not subject to check
> No interest after maturity
>
> E. M. Taylor
> Vice President

INTEREST CERTIFICATE

Indorsed on back: "Frank Krogman."

It appears from the record that at said time the intervener was also paid cash in advance in the sum of $50, or one per cent on the said sum of $5,000, as interest thereon for one year.

It is the contention of the appellant that the said written instrument, by its terms, is payable on demand. This being assumed to be correct, then it is the appellant's further contention that the appellee, having been paid $50 as advance interest

on said $5,000, could have presented said certificate immediately thereafter, and demanded payment thereof, and have retained the said sum of $50 as advance interest. Appellant urges that, because such a condition is a possibility, if the instrument is payable on demand, the contract with respect to the rate of interest was usurious, and was against the laws and public policy of this state in respect to usury; and appellant contends that the appellee should be denied the right, because of such circumstances, to participate in the assets of said bank as a depositor.

I. Our first inquiry is with regard to the proper construction to be placed upon the written instrument. It is to be observed that there is a period between the word "endorsed," and the word "twelve," in said instrument. If the usual rules of punctuation are applied, the instrument, by its terms, recites that appellee "has deposited in this bank $5,000, payable to the order of himself, in current funds on return of this certificate properly endorsed." No one would seriously question that such an instrument was payable on demand. Section 9467, Code of 1924, provides:

"An instrument is payable on demand:

"1. Where it is expressed to be payable on demand, or at sight, or on presentation; or

"2. In which no time for payment is expressed."

See *Elliott v. Capital City St. Bank,* 128 Iowa 275.

There is no recital in the written instrument that, in specific terms, makes it payable otherwise than on return of the certificate properly indorsed,—in other words, on demand. The statement "twelve months after date with interest at 5 per cent or six months after date with interest at 5 per cent per annum" is not a complete sentence, and contains no verb and no predicate; but when it is construed in connection with the other recitals in the instrument, we think it must be held that the clear effect of the recital is that said amount deposited, to wit, $5,000, was payable to the order of the depositor in current funds on return of the certificate properly indorsed, to wit, on demand, and that, if no demand was made until twelve months after date, payment should be made with interest at 5 per cent per annum, or, if demand was made six months after date, payment should be made with interest at 5 per cent per annum. The provisions in regard to twelve months and six months are a limitation upon

the liability of the bank for the payment of interest, and, the certificate being payable on demand, if demand was made within the six-months period, there would be no interest due on said certificate. We think this is the only fair and reasonable construction to be placed on the language used in the instrument.

It does not necessarily follow, however, that, because the instrument was payable on demand, and 1 per cent per annum was paid as interest in advance, the contract was usurious, and hence illegal. Our usury statute is Section 9406, Code of 1924, and is as follows:

2. USURY: .interest in advance: effect.

"No person shall, directly or indirectly, receive in money or in any other thing, or in any manner, any greater sum or value for the loan of money, or upon contract founded upon any sale or loan of real or personal property, than is in this chapter prescribed."

A rate of interest in excess of eight cents on the hundred by the year is illegal. But there can be no usury without a contract therefor. *Westerfield v. Bried,* 26 N. J. Eq. 357; *Dodds v. McCormick Harv. Mach. Co.,* 62 Neb. 759 (87 N. W. 911); *Citizens' Bank v. Murphy,* 83 Ark. 31 (102 S. W. 697).

In the early case of *Dickerman v. Day,* 31 Iowa 444, we quoted with approval from the Supreme Court of Wisconsin in *Otto v. Durege,* 14 Wis. 571, as follows:

"Usury is a matter of intention, and to render a contract usurious, both parties must be cognizant of the facts constituting usury, and have a common purpose in evading the law. * * * The law against usury is penal in its nature, and reason and justice dictate that the forfeitures imposed by it ought not to be visited upon those who are innocent of any intentional violation of its provisions."

It is true that usury often hides its head, and is frequently difficult to discover; and it is the policy of the law that, when there is an agreement, whatever its form, whereby the lender secures a profit or advantage in excess of that permitted by the statute, the transaction is tainted with usury. *Lombard v. Gregory,* 81 Iowa 569.

"It is the essence of a usurious transaction that there shall be an unlawful and corrupt intent, on the part of the lender, to take illegal interest, and so we must find before we can pronounce

the transaction to be usurious.'' *Condit v. Baldwin,* 21 N. Y. 219, 221 (78 Am. Dec. 137).

See, also, *Bank of United States v. Waggener,* 9 Pet. (U. S.) 377 (9 L. Ed. 163) ; *Elliott Bros. v. Sugg,* 115 N. C. 236 (20 S. E. 450) ; *Green v. Grant,* 134 Mich. 462 (96 N. W. 583).

The claim of usury is one personal to the debtor, and cannot be set up by a stranger to the contract. *Drake v. Lowry,* 14 Iowa 125; *Sternburg v. Callanan,* 14 Iowa 251; *Carmichael v. Bodfish,* 32 Iowa 418; *Miller v. Clarke,* 37 Iowa 325; *Sullivan Savings Institution v. Copeland,* 71 Iowa 67. If it be assumed that, as a matter of law, it is available to the receiver (see *In re Stern,* 144 Fed. 956), still, significance is to be attached to the fact that the bank, through its officials, is contending that there was no intention whatever that there was usury in the contract, and so is appellee. Were the bank a going concern, it would be the only party that could plead usury, and it denies that there was any intention to contract to pay usury. The law of usury is in its nature penal, and is, therefore, to be strictly construed. *Dickerman v. Day,* 31 Iowa 444.

In the instant case, the undisputed evidence shows that the appellant made the original deposit in the bank of $5,555 in money on October 1, 1920, on a certificate identical in form with the one in controversy in this action. When said certificate came due, the appellee collected a portion of the same, and left $5,000 still on deposit. The evidence shows that the form of certificate was the regular form used by the bank. In determining whether or not the contract was usurious, we must take into consideration the situation of the parties and all of the facts and circumstances surrounding the transaction, to ascertain whether or not there was an agreement for a usurious rate of interest. Some weight is to be given to the fact that, just one year previous, the appellee had made the original deposit in the bank, under a certificate identical in form, and had left it there for a period of one year. At the end of that time, he reduced the deposit, and received the certificate in question. There is no evidence whatever in the record that there was any agreement or understanding between the appellee and the officers of the bank that the appellee should or could handle the certificate of deposit in such a way as to collect a usurious rate of interest thereon by keeping the bonus interest and presenting the certificate for payment shortly after

it was issued as a demand certificate. The fact that a transaction of this character might be capable of manipulation in such a manner as to make it possible, under unusual and unanticipated circumstances, to collect a usurious rate of interest, is not of itself sufficient to establish a contract to pay a usurious rate of interest, which neither party to the transaction contemplated or intended. There is no evidence in the record to indicate that either of the parties to the transaction agreed in any way that the transaction should result, under any circumstances, in the appellee's being able to receive, as interest on said deposit, any more than a rate of 6 per cent per annum, which was the 1 per cent bonus or advance interest and the 5 per cent provided in the contract. From a careful examination of the entire record, we have no hesitancy in arriving at the conclusion that there is no sufficient evidence of any agreement between the officers of the bank and the appellee that contemplated or intended the exaction of any usurious interest. It is a well established rule that good faith and absence of corrupt intent will justify the court in upholding a transaction that is suspicious on its face as being usurious. 39 Cyc. 922; 39 Cyc. 919.

Even if the contract were held to be usurious, it would not deprive the appellee of the right to have his claim established as the claim of a depositor. The penalty for being a party to a usurious contract is not that one loses his status or rights under the contract, except as such rights are affected by the penalties provided by the statute. Section 9407, Code of 1924. If the appellee was a depositor in the bank, he would not cease to be a depositor even if the contract between him and the bank was usurious. No such penalty for usury is in the statute.

3. BANKS AND BANKING: deposits: interest: effect of usury.

We concur in the finding of the trial court that the contract in question, under all the proven facts in the case, was not a usurious contract, and that in any event the penalties provided for the exaction of usury are not applicable in this case.

II. Appellant contends that the transaction in question was a loan, and not a deposit, and that, therefore, the appellee is not entitled to participate, under the statute, in the distribution of

4. BANKS AND
BANKING: de-
posits: depos-
itor (?) or
creditor (?)
the assets of the bank as a depositor, but is only a general creditor. It is true that the issuance of a certificate of deposit, denominated as such, is by no means conclusive proof that the transaction represents a deposit, and not a loan. If it were a loan, instead of a deposit, the rights of the appellee would be those of a creditor, and not the statutory rights given to a depositor. We must look to the substance, and not to the form of the transaction. If the certificate evidences merely a loan, and not a deposit, then the appellee is merely one of the creditors of the bank, and not entitled to the statutory rights given to depositors. *State ex rel. Carroll v. Corning Sav. Bank,* 139 Iowa 338; *Henderson v. Farmers Sav. Bank,* 199 Iowa 496; *Sweet v. Security Sav. Bank,* 200 Iowa 895. The case does not come within the rule of the cited cases where the transaction was a loan to the bank, and was evidenced by a certificate of deposit. The record fully sustains the conclusion of the trial court that the transaction in question was a deposit, and not a loan.

We have recently had occasion to pass upon a case involving this bank, in which similar questions were involved, in whole or in part. *Murray v. First Tr. & Sav. Bank,* 201 Iowa 1325. The discussion in the opinion in said case disposes of other matters presented in this appeal.

We find no error in the decree of the trial court establishing the appellee's right to have his claim allowed as the claim of a depositor, and said decree must therefore be, and it is, affirmed. —*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.