CAPITAL LOAN COMPANY, Appellee, v. CHARLES F. KEELING, Sheriff, et al., Appellants.

No. 42558.

MARCH 5, 1935.

REHEARING DENIED JUNE 21, 1935.

E. D. Marshall, for appellants.

A. J. Myers, for appellee.

PARSONS, J.—The plaintiff commenced this case in the municipal court of the city of Des Moines, Iowa, in the petition setting forth it was the owner of a note on which there was $168 due, the note being secured by a chattel mortgage upon certain household goods and personal property, and that the chattel mortgage was duly filed for record, and claiming $168 at 3½ per cent interest per month from January 12, 1932, that the defendant Karlen had caused a landlord's writ of attachment to be issued out of the court, and Keeling, sheriff of Polk county, levied on the goods covered by plaintiff's mortgage, and that the plaintiff herein caused a notice to be served on Keeling of the claim for the attached personal property, and that Karlen filed with Keeling an indemnifying bond as the statute provided. The plaintiff further sets out that its lien on the chattel mortgage was superior to any claim of Karlen, and that, by the failure to release the attachment under written notice given, the defendants were guilty of conversion of the property, and that Karlen had taken possession of the property, which was of the value of aboue $250, and asked judgment for that sum, with interest at 6 per cent.

An amended and substituted answer was filed in which the defendants admitted that the action and attachment were brought by defendant; that direction was given to levy the attachment on the property of defendants therein; admitted the levy by Sheriff Keeling; admitted the giving of bond by Karlen; and set up that Karlen had a mortgage lien on the property. Also set up that the note and mortgage claimed by the plaintiff were void for want of consideration, and void in violation of section 9422 of the Code. The case was tried to the court. It was stipulated that Karlen had begun the action in the municipal court, attachment was issued and placed in the hands of the sheriff, and the levy made on the personal property in possession of defendants in said action, Harry Saylor and Beulah Saylor, and that notice was served on the sheriff demanding a release of the goods levied on. Harry Saylor, who signed the note, testified that the reasonable value of the property was $250 to $275, and on cross-examination testified to signing the note to the Capital Loan Company for $168, and detailed the various items of the property. The plaintiff offered in evidence the note and Exhibit B. On the trial there was a stipulation further entered into between the parties that the Saylors had executed the $168 note bearing 3½ per cent interest per month to the plaintiff, and that to secure the

payment of the note executed to the plaintiff a chattel mortgage on certain items of personal property and household goods belonging to them and located at 1417 Forest avenue, Des Moines, Iowa, and that said mortgage was filed for record in Polk county records January 13, 1932.

The abstract of record is quite incomplete. It does not show the chattel mortgage, it does not show a lease under which Karlen claimed, but we gather from the abstract that Karlen claimed his lien under a lease which had in it a clause making the rent on the premises involved a lien on the household goods of Harry Saylor and Beulah Saylor, makers of the note and chattel mortgage, and that these household goods covered by the note and chattel mortgage were levied on under a claim for back rent; that the property was exempt from execution and that the lease under which the claim was made, while signed by husband and wife, was never acknowledged or filed for record, and antedated the note of the plaintiff sued on.

The case was tried by the court. There was practically no dispute of the facts, with the exception of the question of the value of the goods levied on. At the close of the evidence the defendants made a motion to dismiss the case, which was overruled. But the court on submission of the case rendered judgment for plaintiff for $135, with interest at 6 per cent. If there was any jury question in this case, it was submitted to the court, and the finding of the court is therefore conclusive.

The notice of ownership served on the sheriff is questioned, but we find it to be sufficient, and further that the defendants accepted and acted upon the notice. The record shown by the abstract is such that it is hard to tell what was done; hard to tell whether there was any possible error committed in the case. One of the matters set up by the defendants was that the note of the plaintiff was void. We think that the defendants cannot raise this defense. Neither of the defendants was a party to the note. It is the rule in this state, as well as in most states, that such a defense as this cannot be made by one not a party to a note. This is particularly true as to usury. We have checked over the authorities cited, examined the same, and find it to be the universal holding of the courts of this state that one not a party to the instrument which is charged with usury cannot raise that question. This is elementary, and we content ourselves with citing the cases set out in the ap-

pellee's reply brief and argument. Sternburg v. Callanan, 14 Iowa 251; Drake v. Lowry, 14 Iowa 125; Carmichael v. Bodfish, 32 Iowa 418; Martin v. Harper, 193 Iowa 259, 186 N. W. 897; Miller v. Clarke, 37 Iowa 325.

■ The sufficiency of the notice served upon the sheriff is questioned. The trouble with that is that our courts have decided that:

"The purpose of the statute [requiring notice] is to enable the officer to obtain a sufficient indemnifying bond, and the notice fulfills the requirements of the law if it accomplishes that purpose." Waterhouse v. Black, 87 Iowa 317, at page 321, 54 N. W. 342.

This is obvious, for the reason that, prior to the enactment of any statute on this subject, if the plaintiff in an attachment proceeding pointed out to the sheriff the property upon which to levy, and the sheriff made a levy thereon, and a third party claimed the property, he could promptly sue the sheriff. These statutes were originally enacted in order that the sheriff might protect himself; that he might call upon the attachment plaintiff for an indemnifying bond, and, not having received such a bond, release the property. He was still subject to the suit, but the plaintiff in the attachment suit then became liable upon the bond furnished. In other words, the sheriff had to take his chances before this legislation was enacted, the chances of being sued; chances of having no one to go back on from whom he could collect.

■ The question is made of the right of the plaintiff, being a lienholder under a chattel mortgage, to maintain this action, not being the absolute owner. This court decided in Blake v. Chas. Counselman & Co., 95 Iowa 219, 63 N. W. 679, that a landlord may recover the value of corn raised on leased premises from one who buys it in ignorance of the fact that the seller is a tenant and that it was raised on the leased premises. In other words, that the lienholder deprived of his rights could maintain such an action and for conversion. Again, in Nickelson v. Negley, 71 Iowa 546, 32 N. W. 487, the same proposition was laid down.

■ Following the oral submission of this case, the appellant's attorney asked leave, which was granted by the Chief Justice, to file further argument. This was on February 6, 1935, and leave was given to file it within ten days. It was not filed until the 18th day of February, 1935.

In that argument the appellant stated in what purported to be a restatement of the facts: "This case is simply a Jew frame-up and should be considered as such". The appellee filed a motion to strike this reply brief and argument for the two reasons stated above. The writer of this opinion had written the opinion before the filing of the reply brief was brought to his attention, but it has been examined and we are of the opinion that the motion to strike should be sustained, not only because not filed in time, but because of the slur contained therein. This slur as to it being "a Jew frame-up" has no foundation in the record at all. Attorneys have no right to go outside of the record and make such remarks and try to inject racial prejudice into a case, and the appellate court should see that this is not done. This court sits to administer justice without regard to race or creed. The Jew, the Gentile, the Christian, the Mohammedan, and all races and religions are supposed to get justice here, and the decisions are not influenced and should not be by any consideration either of race or religion, and for that reason the reply brief filed by appellant will be stricken, and also because it contains nothing which otherwise would be of any value in the case. This court held in Sax v. Drake, 69 Iowa 760, 28 N. W. 423:

"Before proceeding to determine it, it seems proper to advert to an objectionable remark made by the appellant's counsel in the opening part of their argument. The counsel say: 'In the first place, it is proper to state that J. B. Sax and Charles Sax are the sharpest clothing dealers among the Jewish merchants of Ottumwa, Iowa.' We take issue with the counsel. It was not only not proper to so state, but it was highly improper. The counsel do not, of course, claim that in this court one rule of law is to be applied in determining the rights of Jews, and a different one in determining other persons' rights. But the remark justifies the inference that the counsel supposed that the members of this court were not Jews, and possibly had a prejudice against them; and possibly, if they had, were not above being influenced by such prejudice. We would probably be justified in striking the whole argument from the files as containing a remark disrespectful to the court; but we think best merely to say that the remark meets with our disapprobation."

By reason of the fact that this case was submitted to the court without the intervention of a jury, and there was sufficient evidence to show in the record by concession and otherwise that the plain-

tiffs held a mortgage on the property in question, that the writ of attachment sued out by Karlen deprived the plaintiff of the right to proceed under his chattel mortgage, and that, after the sheriff had been notified by the plaintiff, Karlen put up the bond, it seems to us that the court had the right to enter the judgment it did enter on the record as it stands, and that there was no error in so doing. The case is therefore affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, RICHARDS, HAMILTON, POWERS, and KINTZINGER, JJ., concur.