LLOYD ROSANDER, Appellee, v. C. A. KNEE, Sheriff, Appellant.

No. 43886.

FEBRUARY 9, 1937.

Harry Wifvat, for appellant.

Burton Russell and S. Trevarthen, for appellee.

KINTZINGER, J.—Sometime prior to May 8, 1935, the First National Bank of Perry obtained a judgment and decree against George Rosander on a chattel mortgage foreclosure. A special

execution was issued under the judgment and placed in the hands of defendant Sheriff of Dallas county, Iowa, for service. Under said execution the Sheriff levied upon a certain threshing machine or separator known as a steel Huber Separator Junior 28–46, as being the property of the said George Rosander.

On May 17, 1935, the plaintiff herein, Lloyd Rosander, served upon the sheriff, the following statutory notice of ownership of the property levied on:

"To C. A. Knee, Sheriff of Dallas County, Iowa.

"You are hereby notified that the one steel Huber Separator Junior 28–46 which you did on the 8th day of May, 1935 levy upon as the property of George Rosander and Nora Rosander by virtue of special execution issued out of the office of the Clerk of the District Court of Iowa in and for Dallas County, in the case of First National Bank of Perry, Iowa v. George Rosander et al., defendants, belongs to me and that my interest therein is absolute and that I acquired title by purchase on * * * July 15th 1927, from Dukehart Machinery Company, Des Moines, Iowa and paid therefore the sum of $1350.00. I demand of you the immediate release and surrender of said Huber Separator Junior 28–46 to me.

"Dated this 17th day of May, 1935.  Lloyd Rosander."

Plaintiff commenced this action to recover damages for the value of the property levied upon and sold under execution in the action entitled First National Bank of Perry v. George Rosander, and alleged his ownership of the property levied upon substantially as set out in the foregoing notice.

The defendant denied the ownership of said property in Lloyd Rosander, and also denied that he purchased the property from the Dukehart Machinery Company of Des Moines, or that he paid the amount set out in the notice of ownership therefor. Other evidence will be referred to in the opinion.

The case was submitted to the jury and a verdict returned for the plaintiff, and judgment rendered thereon. Hence the appeal.

I.  At the close of the evidence, appellant made a motion for a directed verdict in his favor upon the ground that there was a fatal variance between the allegations of the petition and the proof. This was overruled and appellant filed a motion for a new trial, also overruled. Appellant alleges error thereon.

Appellant contends that plaintiff failed to prove his ownership of the property in question, and also failed to prove that he acquired title thereto by purchase from the Dukehart Machinery Company of Des Moines, but that the property was purchased from the Huber Manufacturing Company by his father, George Rosander. The evidence relating to the purchase of the machine in question shows without dispute that it was purchased from or through the Dukehart Machinery Company of Des Moines, Iowa.

It is true that the property in question was a steel Huber Separator Junior 28–46, and that at the time of its purchase George Rosander signed an order to the Huber Manufacturing Company of Marion, Ohio, for its purchase, but this order was secured by the Dukehart Machinery Company of Des Moines. Among other things the order itself recites:

"7/12, 1927. Please furnish and ship the undersigned in care of Dukehart Machy. Co. at Perry, Iowa, * * * One Huber 28 Thresher with 46 inch cylinder."

The undisputed testimony shows that just before the purchase of this machine in 1927, George Rosander, the father of the plaintiff herein, said to his son:

"Lloyd, if you want this separator, I will sign those notes for you, but you pay them. I will absolutely pay nothing. You pay for the repairs you buy * * * for * * * your hired help and everything," to which Lloyd responded, "All right".

The father also testified:

"I absolutely have never taken a penny off of the machine, and Lloyd has paid the notes, with his own labor, and I never had anything to do with it." He also testified: "Lloyd was present at the time the conversation was had regarding the signing of Exhibit One, (sales contract). Lloyd told Mr. Dukehart he would pay those notes. * * * I signed the contract (for the purchase of the machine) at the request of Charley Dukehart of Des Moines. He is the manager of the Huber Manufacturing Company in Des Moines."

The plaintiff was a minor at the time this machine was purchased, and became of age in 1933, but the undisputed testimony

shows that he paid the money for that machine from the money he earned in using the threshing machine.

Both Lloyd Rosander and George Rosander testified that the machine was fully paid for by the plaintiff herein, and that it was his property. The testimony also shows that the money for the machine was paid to the Dukehart Machinery Company of Des Moines, who were the agents for the Huber Manufacturing Company of Marion, Ohio.

The case was submitted to the jury upon the question of plaintiff's ownership of the machine.

Appellant contends, however, that as the order for the machine was sent to the Huber Manufacturing Company of Marion, Ohio, and that the machine was purshased from that company, there was, therefore, a variance between the statement in the notice of ownership to the sheriff and the facts proven.

▌▌▌ The notice to the sheriff as hereinabove set forth complied with the requirements of section 11698 of the Code, and stated that the property belongs to the plaintiff, the nature of his interest therein, how and from whom he acquired the same, and consideration paid therefor.

We have held in Capital Loan Co. v. Keeling, 219 Iowa 969, 259 N. W. 194, that a notice to the sheriff of a third party's claim to the attached property is sufficient, if it enables the sheriff to obtain a sufficient indemnifying bond from attaching creditors. The notice in this action meets all the requirements of the statute and was sufficient to enable the sheriff to obtain an indemnifying bond from the attaching creditor. There was sufficient evidence to submit the question of plaintiff's ownership of the property to the jury.

There was also sufficient evidence to warrant the jury in finding that the property was purchased from or through the Dukehart Machinery Company of Des Moines, Iowa, for substantially the price alleged in the notice, because the evidence shows without dispute that the plaintiff paid the purchase price thereof to the Dukehart Machinery Company of Des Moines, who were the agents of the Huber Manufacturing Company of Marion, Ohio.

We find no error in the action of the court in overruling both motions.

II. Appellant also contends that the court erred in failing to advise the jury that the plaintiff must show by a preponder-

ance of the evidence that he became the owner of the property in question as set forth in plaintiff's petition and in the notice of ownership.

Without setting out in detail the instructions relating thereto, it is sufficient to say that the court fully instructed the jury by Instructions Nos. 5 and 6 that it was incumbent upon the plaintiff to show by a preponderance of the evidence that a notice of ownership of the property, stating plaintiff's interest therein, from whom he acquired it, and the amount paid therefor, was served upon the sheriff, and that the burden was upon the plaintiff to show by a preponderance of the evidence that at the time of the levy the plaintiff was the owner of the property in question and was damaged thereby.

As stated in Division I hereof, there was evidence introduced in this case tending to establish these propositions, and we find no prejudicial error in the court's action in this respect.

III. At the time the property in question was levied upon by the sheriff, it was situated upon town property occupied by George Rosander in the town of Perry, Iowa, and appellant contends that, because the attached property was in the possession of said George Rosander, the court should have instructed the jury that proof of its possession by George Rosander raised a presumption of his ownership of the machine.

With reference to the possession of the property in question, the evidence shows that during every season from 1927 to 1935, except two years when there was no grain to thresh, this machine was in the sole possession of the plaintiff and used by him in making his rounds while threshing throughout the country-side during the threshing seasons. The plaintiff being the son of George Rosander and living with him when not engaged in threshing, he naturally kept the machine on his father's property.

In 1935, George Rosander executed a mortgage to secure an indebtedness to the Federal Land Bank of Omaha. It appears from the evidence that this mortgage included many if not all the articles of personal property located upon George Rosander's farm in secs. 2 and 3, Township 81, range 28, in Dallas County. At the time this mortgage was given, the property in question was not located upon that property, but was located upon his town property in Perry, Iowa.

The evidence also shows that George Rosander in executing that mortgage did not know ·that the separator or thresher was

included in that chattel mortgage. He testified that "At the time the mortgages (Exhibits 2 and 3) were executed I told them it was Lloyd's machine, and I had nothing to do with it. I did not know that the 28–46 Huber Steel Separator was included in those mortgages."

The testimony also shows that the appellee in this action never knew until the trial of this case that his machine was included in any mortgage given by his father to another.

■■■ In support of appellant's contention that possession of property raises a presumption of ownership, he cites Stewart v. Wild, 202 Iowa 357, 208 N. W. 303.

That case does not support such contention. In that case the lower court directed a verdict in favor of the appellee, and this court held that the lower court erred *in not submitting the case to the jury* where the evidence tended to show that the property was in the possession of appellant. In that case the court simply held that the question of the ownership of the property was a question for the determination of the jury.

The lower court in this case did, by proper instruction, place the burden of proving ownership upon appellee. This was all that could have been accomplished by the giving of an instruction that possession is prima facie evidence of ownership. The failure to give it was, therefore, not prejudicial. In addition it may be said that no such instruction was requested.·

■■■ IV. Appellant also contends that the court erred in giving instruction No. 7 in assuming, in some of the statements therein contained, that the machine was purchased from the Dukehart Machinery Company of Des Moines, Iowa. Instruction No. 7 contains, inter alia, the following:

"In your consideration of the question as to whether or not plaintiff was the owner of said separator * * *, it will be proper for you to take into consideration the age of said plaintiff, the manner in which said machine was used, the place where the same was kept when not in use, in whose possession said machine was, and under whose control during the time in question, *the facts and circumstances surrounding the purchase of said machine from the Dukehart Machinery Company of Des Moines, Iowa,* and in this connection the instrument known in this record as Exhibit One, the manner in which the same was paid for and by whom, and all of the other facts and circumstances which

have been developed upon the trial hereof.'' (The words complained of are in italics.)

As shown by the facts hereinabove disclosed, no prejudice could have resulted from this particular part of Instruction No. 7, because the undisputed evidence shows that this machine. was purchased from or through the Dukehart Machinery Company of Des Moines, Iowa. We find no prejudicial error in the giving of Instruction No. 7 complained of.

Other errors are alleged. We have carefully considered them, but find no merit therein.

For the reasons hereinabove expressed, we are constrained to hold that the ruling of the trial court in submitting this case to the jury was correct, and we find no error therein.

It necessarily follows that the judgment of the lower court must be and is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, STIGER, and SAGER, JJ., concur.